CARDOTT v. CHEVROLET MOTOR CO.

Master and Servant—Hearing Before Department of Labor and Industry.

Reversal of award of deputy commissioner for employer without according him an opportunity to present and argue case at adjourned hearing before department of labor and industry *held*, reversible error.

Appeal from Department of Labor and Industry. Submitted May 24, 1934. (Docket No. 169, Calendar No. 37,784.) Decided September 18, 1934.

Henry F. Cardott, Sr., presented his claim for compensation against the Chevrolet Motor Company, a division of General Motors Corporation, for alleged accidental injuries sustained while in defendant's employ. Award to plaintiff. Defendant appeals. Reversed and remanded.

*J. G. Stevenson,* for defendant.

WIEST, J. This is an appeal in the nature of certiorari to review an order of the department of labor and industry awarding compensation to plaintiff.

In the application for leave to appeal it was alleged that, upon a hearing before the deputy commissioner, compensation was denied and an appeal to the full board taken by plaintiff; that November 22, 1933, at the time and place fixed for hearing such appeal, the attorney for defendant appeared and plaintiff not only did not appear but had not procured and filed a transcript of the testimony taken before the deputy commissioner and the board, on its own motion, postponed the hearing without any definite date; but with an assurance to counsel for defendant that, when plaintiff filed the transcript, an opportunity to argue the appeal would be afforded; that on January 12, 1934, the board, without according defendant an opportunity to present and argue the case, made an award of compensation to plaintiff.

In the application for leave to appeal defendant stated:

"The department erred as a matter of law, when the award of the deputy commissioner, in favor of defendant, was reversed without according said defendant, Chevrolet Motor Company, the right to be heard in opposition thereto."

The right to be heard is fundamental and deprivation thereof, as here disclosed, commands vacation of the award and the remanding of the case for a hearing.

So ordered, with costs to defendant.

Nelson Sharpe, C. J., and Potter, North, Fead, Bushnell, and Edward M. Sharpe, JJ., concurred. Butzel, J., did not sit.