SIMONEN *v.* CITY OF NEGAUNEE.

WORKMEN'S COMPENSATION—NOTICE OF HEARING BEFORE DEPART-
MENT ON ADJOURNED DATE.

Order of department of labor and industry, reversing deputy
commissioner's award to defendant, made at an adjourned
hearing by the department of which no notice was given to
defendants or their attorney and who were not represented
thereat, *held*, erroneous as the right to be heard is fundamental,
the case being controlled by *Cardott* v. *Chevrolet Motor Co.*,
268 Mich. 378.

Appeal from Department of Labor and Industry.
Submitted January 12, 1939. (Docket No. 37, Cal-
endar No. 40,161.) Decided June 22, 1939.

Wiljo Simonen presented his claim against City
of Negaunee, employer, and New Amsterdam Casual-
ty Company, insurer, for compensation for injuries
sustained in defendant's employ. Defendant reviews
award to plaintiff by appeal in the nature of cer-
tiorari. Award vacated and cause remanded.

*M. J. Kennedy,* for defendant.

CHANDLER, J. Plaintiff filed his application for
compensation which resulted in an award being en-
tered by a deputy commissioner in favor of defend-
ant. Plaintiff thereupon filed his claim for review
before the commission of department of labor and
industry, which reversed the award of the deputy
commissioner and granted compensation. Defend-

ants seek review by this appeal in the nature of certiorari.

By order of this court entered June 9, 1938, an amendment to the certified record was permitted, which reveals the following facts to have transpired:

"The department of labor and industry on November 2, 1937, gave notice by mail to the parties in said matter that the hearing on review before the commission would be held at the county clerk's office, courthouse, in the city of Marquette, State of Michigan, on the 17th day of November, 1937, commencing at 1:30 o'clock in the afternoon, eastern standard time.

"The said plaintiff appeared at said time and place by R. W. Nebel, his attorney. The said defendants appeared at said time and place by M. J. Kennedy, their attorney.

"When said matter was reached the said plaintiff, by R. W. Nebel, his attorney, made an application for a continuance to said commission, for the reason that the transcript of the testimony in said matter had not been made and filed.

"The application of said plaintiff for a continuance was granted by the commission. Said cause and matter was not heard upon said 17th day of November, 1937, but was continued on the motion and application of said plaintiff without any date being fixed for said hearing.

"No brief was ever filed by said plaintiff and the said plaintiff was the appellant who appealed from the decision of the deputy commissioner.

"The department of labor and industry did not give notice to the defendants or to their attorney, M. J. Kennedy, of the hearing on the 4th day of April, 1938. On said 4th day of April, 1938, the department of labor and industry, without setting any date for hearing of said matter after the continuance of said matter on November 17, 1937, and without notice to the defendants or to their attorney, M. J. Kennedy, made the order reversing the deci-

sion of the deputy commissioner, which is hereto attached, and filed the opinion and finding of facts which are hereto attached.

"The said defendants or their attorney, M. J. Kennedy, were not heard on said appeal from the decision of the deputy commissioner before the order and decision on said 4th day of April, 1938."

The case is controlled by *Cardott* v. *Chevrolet Motor Co.,* 268 Mich. 378, wherein Mr. Justice WIEST, speaking for the court, said:

"The right to be heard is fundamental and deprivation thereof, as here disclosed, commands vacation of the award and the remanding of the case for a hearing."

This disposition renders unnecessary the discussion of other questions raised by the appeal.

The award is vacated, and the cause remanded for hearing, with costs to defendants.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.