HUNT v. GENESEE FOUNDRY, PATTERN &
ENGINEERING COMPANY.

1. WORKMEN'S COMPENSATION—CORRECTION OF ERROR BY COMMISSION.
The workmen's compensation commission, without power to rehear
or redecide a case before it, does have power to correct its
own inadvertent error (CL 1948, § 417.8).

2. SAME—CORRECTION OF ERROR—MAXIMUM AMOUNT OF AWARD.
Unappealed order of workmen's compensation commission amend-
ing its award, entered 7 days previously, so as to correct in-
advertent error relative to maximum amount of payments due
to dependents of employee who had died of compensable
silicosis and noncompensable tuberculosis was final (CL 1948,
§ 417.8).

Appeal from Genesee; Roth (Stephen J.), J. Sub-
mitted June 3, 1958. (Docket No. 1, Calendar No.
47,572.) Decided July 15, 1958.

Action by Orpha Hunt, widow of Robert Hunt,
against Genesee Foundry, Pattern & Engineering
Company, employer, and Michigan Mutual Liability
Company, insurer, both Michigan corporations, for
sums claimed due on award under workmen's com-
pensation act. Judgment for plaintiff. Defendants
appeal. Reversed and remanded.

*Robert J. MacDonald,* for plaintiff.

*Warner & Hart,* for defendants.

BLACK, J. Proceeding under CL 1948, § 413.13
(Stat Ann 1950 Rev § 17.187), plaintiff declared in

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 541.

the Genesee circuit on an award of compensation. Validity of the award—once its identity becomes duly established—is not questioned. The sole issue is whether the award has been paid. Such issue came to judicial consideration this way:

The workmen's compensation commission (now appeal board) found that plaintiff's decedent came to his compensable death on account of the combined effect of 2 diseases; compensable silicosis and noncompensable tuberculosis. Fitting such finding to the statute requiring an award proportional (CL 1948, § 417.8 [Stat Ann 1950 Rev § 17.227]), the board proceeded to find and determine as follows:

"There can be no question, however, considering the medical testimony in its entirety, but that silicosis was the most important factor in bringing on disability and death and for that reason *we find that silicosis was at least 50% responsible and we therefore reduce compensation one half.*"

By formal order of award dated January 8, 1954, the commission thereupon ordered defendants to "pay to plaintiff compensation of $24 a week for total dependency from June 19, 1951, until the further order of the commission but not to exceed a period of 200 weeks from the date of the death of the injured employee and not to exceed the sum of $6,000; the defendants shall also pay $300 for the statutory burial benefits."

Seven days later, and apparently on its own motion, the commission entered an amendatory award-order reading in entirety as follows:

"In this cause the commission having mailed an order on January 8, 1954, and it having come to the attention of the commission that said order failed to limit the maximum amount of compensation payable to the sum of $3,000, and the commission, therefore, believing that an amended order should be entered;

"Therefore, it is ordered that the last paragraph of the order of the commission as mailed January 8, 1954, be and the same hereby is amended to read as follows:

" 'It is further ordered that the award of the deputy commissioner in this case be and it is hereby modified and the defendant shall pay to plaintiff compensation of $24 per week for total dependency from June 19, 1951, until the further order of the commission, *but not to exceed the sum of $3,000.* The defendant shall also pay $300 for the statutory funeral benefit.' "

Neither order was reviewed, attemptedly or otherwise. Defendants duly paid plaintiff the total sum of $3,000 in accordance, as they claim, with the amendatory order. They also paid the required burial benefit. Plaintiff, claiming here (she was successful in the court below)* that the original order is effectively final and that the amendatory order is void for want of authority vested in the commission (now board) to rehear "after a final order is made by the board,"† insists that defendants by force of the original order owe her an additional $1,800 plus interest. Her position is brief-summarized as follows:

"To permit the appeal board to re-decide cases any time a majority of its members changed their ideas on the law would permit them to recapture decisions of appeal board members laid to rest these many years. The decisions of courts and administrative boards must have a date of finality that rights may vest."

---

* The circuit judge held that the second order "amounted to a rehearing and redetermination" and entered judgment for plaintiff.

† Plaintiff cites, in support, *Tulk* v. *Murray Corporation of America,* 276 Mich 630; *Guss* v. *Ford Motor Co.,* 275 Mich 30; *Martilla* v. *Quincy Mining Co.,* 221 Mich 525 (30 ALR 1249); *Deibel* v. *Spitzley & Wiedenman Construction Co.,* 207 Mich 618; and *Pocs* v. *Buick Motor Co.,* 207 Mich 591.

There is no occasion for extended discussion of the known difference between authority to rehear a case or proceeding and authority to correct mistakes appearing in judicial or administrative orders, judgments and decrees. The commission did not rehear or redecide this proceeding. It did promptly correct its own inadvertent error; that of failure to properly limit the total amount payable in accord with the intent of its undisturbed finding of fact. Holding, as we do, that the issue before us is controlled by the rule and the reasoning of *McLean* v. *Eaton Manfg. Co.*, 286 Mich 285, it is but fair to record indisposition in our quarters toward close or technical limitation of the appeal board's right to correct errors of above nature.

Defendants, having fully satisfied the award as purposed and recorded by the commission, are entitled to judgment in their favor. The circuit court's judgment is therefore reversed and the case is remanded for entry of judgment accordingly. Costs to defendants.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.