VIELE v DCMA

Docket No. 93329. Submitted June 3, 1987, at Detroit. Decided April 4, 1988. Leave to appeal applied for.

Robert E. Viele sustained a disabling injury while employed by D.C.M.A. to remove a crane from the premises of Great Lakes Steel. In December, 1983, Viele filed a petition with the Bureau of Workers' Disability Compensation seeking workers' compensation benefits for his disability and naming D.C.M.A. as his employer. In January, 1984, plaintiff filed an amended petition naming Great Lakes Steel as a statutory employer under § 171 of the Workers' Disability Compensation Act. In June, 1984, plaintiff filed a second amended petition naming Fishbach & Natkin (and its insurer, Travelers Insurance Company) and Southwest Marine, Inc. as additional statutory employers. Proceedings on the original and amended petitions were not consolidated. Following an evidentiary hearing held on July 13, 1984, on the original petition, a hearing referee, in a decision dated August 16, 1984, ordered the payment of weekly benefits by D.C.M.A. and the named statutory employers. Subsequently, the hearing referee issued a corrected decision, dated September 21, 1984, which was identical to the original decision except that it named D.C.M.A. as sole defendant, having deleted the names of the statutory employers. Following an evidentiary hearing on December 17, 1984, on the amended petitions, the hearing referee issued a decision on February 13, 1985, finding that Southwest Marine was the statutory employer and, as such, liable for the prior award rendered in favor of plaintiff against D.C.M.A., which by then had filed a bankruptcy petition. Plaintiff appealed to the Workers' Compensation Appeal Board, claiming that Great Lakes Steel was also a statutory employer. Southwest Marine filed an appeal to the WCAB, raising a claim that the hearing referee's February 13, 1985, decision was

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 569, 584-587, 613-616, 631.

Supreme Court's views as to res judicata or collateral estoppel effect of state court judgments on federal courts. 72 L Ed 2d 911.

Modern views of state courts as to whether consent judgment is entitled to res judicata or collateral estoppel effect. 91 ALR3d 1170.

barred under the doctrine of res judicata. The WCAB ruled in favor of defendants, holding that the hearing referee lacked jurisdiction to issue the corrected decision mailed on October 1, 1984, and that res judicata barred the December 17, 1984, evidentiary hearing and the decision emanating from that hearing. D.C.M.A. was the only party held liable to plaintiff for compensation benefits. Plaintiff appealed by leave granted and Southwest Marine cross-appealed, seeking a remand to the WCAB should its decision be reversed.

The Court of Appeals *held:*

1. The WCAB erroneously ruled that the hearing referee lacked jurisdiction to correct the original decision. Because the alleged statutory employers were not parties to the July 13, 1984, proceeding, the hearing referee lacked authority to issue any award against them as a result of that proceeding. The corrected decision was procedural in nature, merely correcting the caption to reflect the actual parties to the proceeding.

2. The WCAB erred in ruling that the doctrine of res judicata barred the December 17, 1984, evidentiary hearing and the decision emanating from that hearing as to Southwest Marine's liability. Under § 171 of the WDCA, the liability of a statutory employer stems from its contractual relationship with the direct employer of the injured worker. In addition, the statutory employer is entitled to indemnification from the direct employer, who remains primarily obligated for the award. Thus, the statutory employer is in privity with the direct employer and may properly invoke the doctrine of res judicata defensively to bar the relitigation of claims which were, or could have been, raised in a prior proceeding between the injured worker and his direct employer. In this case, plaintiff's § 171 claims against the statutory employers could not have been brought in the prior proceeding against his direct employer, D.C.M.A., and therefore were not barred by res judicata.

3. Because adequate notice of the July 13, 1984, hearing was not given to the alleged statutory employers, plaintiff cannot invoke the doctrine of res judicata to bind Southwest Marine under the hearing referee's decision on February 13, 1985, holding Southwest Marine liable for the award rendered in favor of plaintiff against D.C.M.A.

4. Plaintiff may, on remand, raise the issue of whether Great Lakes Steel is a statutory employer under § 171.

5. Plaintiff failed to cite support for the position that Southwest Marine or Great Lakes Steel should pay seventy percent of the compensation benefits awarded by the hearing referee

pending the outcome of appeals. He therefore failed to preserve this issue for review by the Court of Appeals.

Reversed and remanded for further proceedings.

1. WORKERS' COMPENSATION — APPEAL — FINDINGS OF FACT.

Findings of fact made by the Workers' Compensation Appeal Board are conclusive and, absent a showing of fraud, may not be set aside if supported by record evidence; a decision by the appeal board may be reversed if it operated within the wrong legal framework or where its decision is based upon erroneous legal reasoning (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — ORDERS — MISTAKE.

A hearing referee of the Workers' Disability Compensation Bureau or the Workers' Compensation Appeal Board may correct a mistake in its original order, but may not grant a rehearing to review facts establishing liability.

3. WORKERS' COMPENSATION — RES JUDICATA — STATUTORY EMPLOYERS.

Res judicata, by virtue of a prior claim for workers' compensation benefits brought by an injured worker against his direct employer, may be invoked in a subsequent claim against an entity deemed under the Workers' Disability Compensation Act to be a statutory employer based on a contractual relationship between it and the direct employer; thus, relitigation of claims which were, or could have been, raised in the prior claim against the direct employer may be barred (MCL 418.171; MSA 17.237[171]).

4. JUDGMENTS — RES JUDICATA — NOTICE.

A prerequisite to a party's ability to invoke the doctrine of res judicata in a subsequent proceeding is that the party must have given adequate notice of the prior proceeding to the persons who are to be bound by the adjudication.

*Marshall Lasser,* for plaintiff.

*Conklin, Benham, Ducey, Ottaway, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for Great Lakes Steel.

*Law Offices of Gofrank & Kelman* (by *Paul J. Palgut*), for Fishbach & Natkin and Travelers Insurance Company.

*LeVasseur, Egan, Leslie & Johnson, P.C.* (by *Denice M. LeVasseur*), for Southwest Marine, Inc.

Before: Wahls, P.J., and J. H. Gillis and C. W. Simon, Jr.,* JJ.

C. W. Simon, Jr., J. Plaintiff Robert Viele appeals by leave granted from a decision of the Workers' Compensation Appeal Board dismissing his claim for disability benefits against defendants Great Lakes Steel and Southwest Marine, Inc., after finding that the doctrine of res judicata barred plaintiff's claim. Southwest Marine cross-appeals seeking a remand to the wcab if its decision is reversed. We reverse and remand.

On December 12, 1983, plaintiff, in propria persona, filed a petition in the Workers' Disability Compensation Bureau seeking compensation benefits for a left-hand disability. D.c.m.a. was the named employer; Great Lakes Steel's premises in the City of Ecorse was the named place of injury. The basis of the petition was an injury sustained by plaintiff on November 1, 1983, while employed by d.c.m.a. to remove a crane from the premises of Great Lakes Steel. An amended petition, filed in January 1984, added Great Lakes Steel as a principal, also known as a "statutory employer," under § 171 of the Workers' Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.* Plaintiff, now represented by counsel, added Great Lakes Steel as a general contractor, having allegedly subcontracted the crane work to d.c.m.a.

A second amended petition, filed June 1, 1984, with the bureau, added Fishbach & Natkin (and its carrier Travelers Insurance Company) and Southwest Marine, Inc. as statutory employers under § 171. For reasons unclear from the record, how-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ever, the proceedings on plaintiff's original petition against D.C.M.A. and the amended petitions adding the alleged statutory employers were not consolidated. While a pretrial hearing on the amended petitions was scheduled for July 18, 1984, an evidentiary hearing on plaintiff's original petition was held five days earlier on July 13, 1984. Plaintiff does not dispute that D.C.M.A. paid some compensation benefits to him prior to the evidentiary hearing.

D.C.M.A. did not appear at the evidentiary hearing, and the hearing referee found that plaintiff was totally disabled as a result of an injury arising out of and during the course of his employment with D.C.M.A. The hearing referee's decision, dated August 16, 1984, was on a preprinted form, requiring only that the hearing referee fill in the blanks as to "defendant(s)" liability. The decision in this case ordered "defendant(s)" to pay plaintiff $330 per week from November 2, 1983, to July 13, 1984, and until further order of the bureau. The "defendant(s)" listed in the caption of the decision were D.C.M.A. and the alleged statutory employers. The decision indicated that it was mailed to "all parties" on August 27, 1984. Southwest Marine concedes that it received a copy of the decision.

Subsequently, the hearing referee issued a corrected decision, dated September 21, 1984, which was identical to the original decision except for the "defendant(s)" listed in the caption. All defendants were deleted except for D.C.M.A. The corrected decision indicated that it was mailed to "all parties" on October 1, 1984.

It appears from the record that D.C.M.A. became the subject of a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court during November, 1984.

The evidentiary hearing on plaintiff's second

amended petition in the bureau was held the next month on December 17, 1984, before the same hearing referee as in the earlier hearing. Plaintiff was present, as were defendants Great Lakes Steel and Fishbach & Natkin. Defendants D.C.M.A. and Southwest Marine, both California corporations, did not appear. Despite defendants' claim that the hearing was barred under the doctrine of res judicata and plaintiff's offer of proofs on his disability, the hearing referee limited the hearing to the issue of which defendant, if any, was liable for plaintiff's compensation payments as the statutory employer due to D.C.M.A.'s lack of workers' compensation coverage. No evidence was presented by plaintiff as to why Fishbach & Natkin was a statutory employer. There was, however, evidence that Great Lakes Steel sold the crane to the TEM Corporation which, in turn, sold the crane to Southwest Marine. Southwest Marine then contracted with D.C.M.A. to remove it from the premises of Great Lakes Steel.

In a decision dated February 13, 1985, the hearing referee found that Southwest Marine was the statutory employer and, as such, liable for the prior award rendered in favor of plaintiff. Plaintiff appealed to the WCAB, claiming that Great Lakes Steel was also a statutory employer. Southwest Marine specially appeared to file an appeal to the WCAB, raising various procedural and jurisdictional issues as well as a claim that the hearing referee's decision was barred under the doctrine of res judicata.

The WCAB ruled in favor of defendants, holding first that the hearing referee lacked jurisdiction to issue the corrected decision mailed on October 1, 1984, then holding that res judicata barred the December 17, 1984, evidentiary hearing and the

decision emanating from that hearing. Thus, the only party held liable to plaintiff for compensation benefits was the defunct D.C.M.A.

On appeal, plaintiff and the alleged statutory employers raise various issues from a workers' compensation proceeding which should have been, but was not, a summary procedure and process, MCL 418.853; MSA 17.237(853), designed to deliver "sustaining benefits to a disabled employee as soon as possible after an injury occurs." *McAvoy v H B Sherman Co,* 401 Mich 419, 437; 258 NW2d 414 (1977). Our review, of course, is limited. Findings of fact made by the WCAB are conclusive and, absent a showing of fraud, may not be set aside if supported by record evidence. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861). However, the WCAB's decision may be reversed if it operated within the wrong legal framework or based its decision upon erroneous legal reasoning. *Flynn v General Motors Corp,* 162 Mich App 511, 514; 413 NW2d 444 (1987).

Plaintiff argues that the WCAB erred in ruling that the hearing referee lacked jurisdiction to correct its original decision mailed on August 27, 1984. We agree. A referee or the WCAB may correct a mistake in its original order, but may not grant a rehearing to review facts establishing liability. See *McLean v Eaton Mfg Co,* 286 Mich 285, 294; 282 NW 150 (1938); *Hunt v Genesee Foundry Pattern & Engineering Co,* 353 Mich 205, 208; 91 NW2d 286 (1958); *Dean v Great Lakes Casting Co,* 78 Mich App 664; 261 NW2d 34 (1977).

Here, the original decision was issued when MCL 418.851; MSA 17.237(851) allowed fifteen days for a party to file a claim of review from a decision of the hearing referee, unless the WCAB

granted further time for "sufficient cause shown."[1] Thus, the WCAB correctly found that the original decision became final prior to the hearing referee's issuing the corrected decision. What prompted the hearing referee to issue the corrected decision is not contained in the record. It is, however, clear that the corrected decision was consistent with the WCAB's own finding that Great Lakes Steel, Southwest Marine and Fishbach & Natkin, although listed as defendants in the original decision, were not parties to that proceeding.

Given this procedural background, we conclude that the WCAB erroneously ruled that the hearing referee lacked jurisdiction to correct the original decision. To the contrary, because the alleged statutory employers were not parties to the July 13, 1984, proceeding, it appears that the hearing referee lacked authority to issue any award against them as a result of that proceeding. Even in an administrative proceeding, such as here, a party is entitled to adequate notice and an opportunity to be heard. *Simonen v City of Negaunee,* 289 Mich 267; 286 NW 610 (1939).

The corrected decision was procedural in nature, merely correcting the caption to reflect the actual parties to the proceeding. The correction was of particular importance in this case given the preprinted standard language in the decision requiring "defendant(s)" to pay benefits to plaintiff. The WCAB applied erroneous legal reasoning in concluding that the corrected decision was null and void. Accordingly, we reverse the WCAB's decision and hold that the corrected decision was valid.

Plaintiff next claims that the WCAB erred in

---

[1] As amended by 1985 PA 103, the statute provides that parties may stipulate within thirty days to modify or correct errors in the decision issued. The WCAB's ability to extend the time for filing a claim for review continues in MCL 418.851a; MSA 27.237(851a).

ruling that the doctrine of res judicata barred the December 17, 1984, evidentiary hearing and the decision emanating from that hearing as to Southwest Marine's liability. We agree.

Whether the doctrine of res judicata applies to a particular proceeding necessarily depends on the party seeking to invoke the doctrine and the reason for invoking it. The broad rule of res judicata applies to workers' compensation cases. *Gose v Monroe Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980). When used defensively, a broad application of the doctrine bars not only those claims raised in the prior action but "bars as well those claims arising out of the same transaction which plaintiff could have brought, but did not." *Id.,* p 160.

Here, the claim decided as a result of the July 13, 1984, evidentiary hearing was plaintiff's entitlement to compensation benefits from his direct employer, D.C.M.A., as a result of injuries sustained on November 1, 1983. To the extent that the decision emanating from that hearing was favorable to D.C.M.A., i.e., the hearing referee denied plaintiff's claim for nursing care benefits, it seems clear that D.C.M.A. could invoke the doctrine to bar a relitigation of that claim, as well as any other claim which plaintiff could have raised exercising reasonable diligence, but did not. See *Socialist Workers Party v Secretary of State,* 412 Mich 571, 584; 317 NW2d 1 (1982).

At issue in this appeal, however, is whether the alleged statutory employers can stand in D.C.M.A.'s shoes so as to invoke the doctrine of res judicata defensively to bar plaintiff's claim against them under § 171 of the WDCA.[2] Except in special cases, the doctrine of res judicata can be invoked by the

---

[2] Plaintiff, of course, is only entitled to one award of compensation benefits for his disability under the WDCA. Whether plaintiff proceeds

parties to the prior action, as well as by their privies. *Socialist Workers Party, supra,* pp 583-584. While there is no general prevailing definition of privity, it has been described as including a person so identified in interest with another that he or she represents the same legal right. 46 Am Jur 2d, Judgments, § 532, p 683. Examples include the relationship of principal and agent, master and servant, or indemnitor and indemnitee. *Darin & Armstrong v Ben Agree Co,* 88 Mich App 128, 134; 276 NW2d 869 (1979), lv den 406 Mich 1007 (1979); 2 Restatement of Judgments, 2d, § 51, pp 47-52.

Under § 171 of the WDCA, the liability of the statutory employer (principal) stems from its contractual relationship with the direct employer of the disabled person. In addition, the statutory employer is entitled to indemnification from the direct employer, who remains primarily obligated for the award. MCL 418.171(2); MSA 17.237(171)(2).

Based on these statutory requirements, we conclude that the statutory employer is in privity with the direct employer and may properly invoke the doctrine of res judicata defensively to bar the relitigation of claims which could have been raised in the prior action between the disabled person and the direct employer, but were not. We emphasize, however, that even under the broad application of the doctrine, res judicata is limited to claims which could have been raised in the earlier action, but were not. *Gose, supra;* 2 Restatement of Judgments, 2d, § 51(1)(a), p 48.

---

against his direct employer or the statutory employer, if any, has been viewed as being at the option of the disabled employee. *Woody v American Tank Co,* 49 Mich App 217; 211 NW2d 666 (1973), lv den 391 Mich 766 (1974). The general rule is that a judgment against one person liable for a loss does not terminate a claim that the injured party may have against another person who might be liable therefor. 2 Restatement of Judgments, 2d, § 49, p 34. Thus, subject to any defenses of the statutory employer or any procedural requirement of joinder in the bureau, a disabled person should be able to proceed against the direct and statutory employer.

Here, the claim which the alleged statutory employers sought to bar was plaintiff's claim against them under § 171. This is not a claim which plaintiff could have raised in his prior action against D.C.M.A. Thus, while the alleged statutory employers may invoke the doctrine of res judicata to bar the relitigation of plaintiff's claim for disability benefits to the extent that D.C.M.A. was exonerated from liability, they cannot invoke the doctrine to bar a hearing on the issue of their own liability as statutory employers. We, therefore, conclude that the WCAB applied erroneous legal reasoning in ruling that the December 17, 1984, hearing, and the decision emanating from that hearing, was barred under the doctrine of res judicata.

Having concluded that the WCAB erred in both of its rulings, we remand to the WCAB for further proceedings consistent with this opinion and for consideration of the other issues raised, but not considered by the WCAB, in reviewing plaintiff's and Southwest Marine's appeals from the hearing referee's decision dated February 13, 1985. To the extent pertinent to our remand, we shall also briefly address the other relief sought by plaintiff in this appeal.

With regard to plaintiff's request that we affirm the hearing referee's decision dated February 13, 1985, we find no merit. The hearing referee expressly limited the evidentiary hearing underlying that decision to the issue of which defendant, if any, was the statutory employer. The issue of whether plaintiff was disabled was not relitigated. It follows that the hearing referee's decision was based on correct legal reasoning only if plaintiff could invoke the doctrine of res judicata offensively against the alleged statutory employers to the extent that plaintiff received a favorable rul-

ing on this issue in his prior action against
D.C.M.A. A prerequisite to a party's ability to in-
voke the doctrine of res judicata in a subsequent
proceeding is that the party must have given
adequate notice of the prior proceeding to the
persons who are to be bound by the adjudication. 2
Restatement of Judgments, 2d, § 83(2)(a), p 266.
Because adequate notice of the July 13, 1984,
hearing was not given to the alleged statutory
employers in this case, plaintiff cannot invoke the
doctrine of res judicata against them.[3] We, there-
fore, find no grounds for affirming the February
13, 1985, decision holding Southwest Marine liable
for the award rendered in favor of plaintiff.[4]

With regard to plaintiff's request that we rule
that Great Lakes Steel is a principal as used in
§ 171 of the WDCA, plaintiff may raise this issue on
remand. In passing, we note that plaintiff sets
forth no record evidence of any relationship be-
tween Great Lakes Steel and D.C.M.A. which would
bring Great Lakes Steel within the ambit of § 171.

Finally, plaintiff's claim that Southwest Marine
or Great Lakes Steel should pay seventy percent of
the compensation benefits awarded by the hearing
referee pending the outcome of all appeals pursu-
ant to MCL 418.862;MSA 17.237(862) has not been

---

[3] Since the deficiencies in this case involve procedural matters, it
also follows that the general rule that a workers' compensation case
cannot be reopened to review the facts establishing liability, *Dean,
supra,* pp 666-667, does not apply. We recognize that our decision
leaves plaintiff unable to invoke the doctrine of res judicata offen-
sively, while allowing the alleged statutory employers to invoke the
doctrine defensively to bar a relitigation of claims to the extend that
D.C.M.A. was exonerated from liability. This result, however, is justi-
fied by the special relationship of the direct and statutory employer.
A mutuality of estoppel is not required under the facts of this case.
*Darin & Armstrong, supra; DePolo v Greig,* 338 Mich 703; 62 NW2d
441 (1954).

[4] We express no opinion on whether the hearing referee could have
entered a default decision against Southwest Marine on the issue of
whether plaintiff was disabled for its failure to appear at the Decem-
ber 17, 1984, hearing.

preserved for our review, since plaintiff failed to support his position with supporting citations. *Wojciechowski v General Motors Corp,* 151 Mich App 399, 405; 390 NW2d 727 (1986). In any event, we find no merit in plaintiff's claim, particularly in view of the procedural deficiencies in the proceedings below. See *McAvoy, supra,* p 439.

Reversed and remanded for further proceedings consistent with this opinion. We further set a time limit of sixty days for compliance with this opinion. Jurisdiction is not retained.