## BENNETT v MACKINAC BRIDGE AUTHORITY

Docket No. 287628. Submitted February 3, 2010, at Lansing. Decided August 31, 2010, at 9:05 a.m.

Ricky S. Bennett was injured while working as a painter on the Mackinac Bridge. He initially sought workers' compensation benefits from his direct employer, Allstate Painting Company. Allstate did not appear in the action, and the magistrate awarded Bennett an open award of benefits. Bennett was unable to collect on the award from Allstate, which did not have workers' compensation insurance, and he began a second action seeking benefits from his purported statutory employers, American Painting Company, Inc., and the Mackinac Bridge Authority. Citing the doctrine of res judicata, the magistrate dismissed Bennett's claims against American Painting and the authority. The Workers' Compensation Appellate Commission (WCAC) affirmed in a 2-1 decision. Bennett sought leave to appeal, which the Court of Appeals denied in an unpublished order entered December 29, 2008. Bennett then sought leave to appeal in the Michigan Supreme Court. In lieu of granting leave, the Supreme Court remanded the case to the Court of Appeals for consideration as on leave granted. 483 Mich 1031 (2009).

The Court of Appeals *held*:

1. Res judicata applies in workers' compensation proceedings. The Legislature did not, however, include in MCL 418.171 language requiring the joinder of an injured employee's direct and statutory employers in a single action. The magistrate and the WCAC erred by applying the judicially created doctrine of res judicata to bar plaintiff's action against his purported statutory employers because doing so impermissibly subverted the intent of the Legislature by effectively reading a rule of mandatory party joinder into the text of MCL 418.171.

2. Although it may have been unwise for plaintiff to believe that Allstate would have sufficient assets to pay his workers' compensation benefits even though the company did not have workers' compensation insurance, it was not improper for plaintiff to initially proceed against Allstate alone. MCL 418.863 allows an injured employee to present an order awarding workers' compensation benefits to the circuit court, and any

judgment the court renders in accordance with the award may be executed against an employer that failed to purchase workers' compensation insurance or act as a self-insurer as required by MCL 418.611.

3. An injured employee may not invoke the doctrine of res judicata offensively against his or her statutory employers in a subsequent proceeding if those statutory employers did not have adequate notice of the previous proceeding against the direct employer.

Reversed and remanded to the magistrate for reinstatement of plaintiff's claim.

WORKERS' COMPENSATION — RES JUDICATA — JOINDER OF PARTIES — STATUTORY EMPLOYERS — DIRECT EMPLOYERS.

An injured employee may bring separate workers' compensation actions against his or her direct employer and statutory employer without joining all potentially liable parties in one proceeding, and the doctrine of res judicata may not be applied to bar the employee's action against his or her statutory employer even though his or her direct employer has already been ordered to pay benefits in a separate action (MCL 418.171).

*Daryl Royal* and *Moher & Cannello, P.C.* (by *Timothy S. Moher*), for Ricky S. Bennett.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, and *Morrison Zack*, Assistant Attorney General, for the Mackinac Bridge Authority.

*Varga & Varga, P.C.* (by *Judith Fleming Varga*), for American Painting Company, Inc., and Amerisure Insurance Company.

Before: K. F. KELLY, P.J., and JANSEN and ZAHRA, JJ.

JANSEN, J. In this workers' compensation case, plaintiff appeals as on leave granted[1] the decision of the

---

[1] This appeal is before us on remand from our Supreme Court for consideration as on leave granted. *Bennett v Mackinac Bridge Auth*, 483 Mich 1031 (2009).

Workers' Compensation Appellate Commission (WCAC) affirming the magistrate's dismissal of his claim against defendants, the Mackinac Bridge Authority (the Authority) and American Painting Company, Inc., on the ground of res judicata. We reverse the decision of the WCAC and remand this case to the magistrate for reinstatement of plaintiff's claim against defendants[2] consistent with this opinion.

I

For more than 25 years, plaintiff worked as a painter on the Mackinac Bridge. Throughout that time, he worked for various employers. In May 2005, plaintiff was working for Allstate Painting Company, Inc. While at work on May 6 and 9, 2005, plaintiff injured his right knee. Allstate did not have workers' compensation insurance.

Although plaintiff was apparently aware that his employer lacked workers' compensation insurance at the time, he nonetheless filed a petition seeking benefits from Allstate. Allstate did not appear in the action. On May 26, 2006, the magistrate granted plaintiff an open award of benefits. Allstate did not appeal the magistrate's decision. However, plaintiff was unable to collect under the magistrate's award.

Plaintiff thereafter filed the instant action seeking benefits from American Painting and the Authority pursuant to § 171 of the Worker's Disability Compensation Act (WDCA),[3] MCL 418.171, the statutory employment provision. MCL 418.171(1) provides:

---

[2] Amerisure Insurance Company is involved in this appeal only indirectly as American Painting's insurer. We therefore use the term "defendants" to refer to American Painting and the Authority only.

[3] MCL 418.101 et seq.

If any employer subject to the provisions of this act, in this section referred to as the principal,[4] contracts with any other person, in this section referred to as the contractor, who is not subject to this act or who has not complied with the provisions of [MCL 418.611], and who does not become subject to this act or comply with the provisions of [MCL 418.611] prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any person employed in the execution of the work any compensation under this act which he or she would have been liable to pay if that person had been immediately employed by the principal. If compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the person under the employer by whom he or she is immediately employed. A contractor shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract.

Defendants requested, among other things, that the magistrate dismiss plaintiff's § 171 claim against them because res judicata barred plaintiff's second action. In response, plaintiff argued that res judicata did not bar his second action because no mandatory joinder of parties exists in workers' compensation cases, because defendants had not been parties to the first action, and because defendants were not in privity with Allstate.

The magistrate acknowledged that a plaintiff is not generally required to bring all possible workers' compensation claims in one single action. Nevertheless, she

---

[4] "Principals subject to workers' compensation liability under [MCL 418.171] are commonly called 'statutory employers.'" *Smith v Park Chem Co*, 154 Mich App 180, 183; 397 NW2d 260 (1986).

noted that a broad application of res judicata would bar certain workers' compensation claims that a plaintiff could have brought, but did not bring, in the first action. The magistrate concluded that plaintiff could have brought his § 171 claim against defendants in the earlier action:

> The statutory employer theory was available for pursuit in the original litigation against Allstate Painting . . . if Plaintiff had "exercised reasonable diligence" and added the alleged statutory employers to that litigation. Plaintiff testified at his first trial that he has worked painting the Mackinaw Bridge for approximately 27 years and has worked for a number of different employers, whether private companies or the State of Michigan directly. That fact, in combination with Plaintiff's knowledge that Allstate Painting lacked Michigan Worker's Compensation Insurance coverage would give a reasonable man pause to consider exploring the theory of statutory employment to identify a contractor with insurance coverage. Therefore, reasonable diligence by Plaintiff and his counsel would have revealed that the State of Michigan and A[meri-can] Painting had insurance coverage and could have and should have been added to the original litigation.
>
> Additionally, the litigation Plaintiff advanced against Allstate Painting is the same transaction for which Plaintiff is now trying to advance against American Painting Inc. and Mackinaw Bridge Authority. . . . [T]he same facts are being asserted in the case against American Painting and Mackinaw Bridge Authority as were asserted against Allstate Painting. These facts arise out of the same time, space, and origin. The only difference is the motivation.
>
> Plaintiff admits in his brief that the motivation for pursuing the current litigation against American Painting and Mackinaw Bridge Authority is that Allstate Painting has failed to pay benefits pursuant to the Open Award authored by [the initial magistrate]. Plaintiff is now seeking enforcement of the Order through Circuit Court. This is not a sufficient legal explanation for Plaintiff's failure to add American Painting and Mackinaw Bridge Authority to the original litigation against Allstate Painting.

"Res judicata bars every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair [v Michigan*, 470 Mich 105, 123; 680 NW2d 386 (2004)]. For the reasons outlined above, the pending litigation of Ricky S. Bennett versus American Painting and Mackinaw Bridge Authority is hereby dismissed pursuant to res judicata.

Plaintiff appealed the magistrate's dismissal of his claim to the WCAC, which affirmed in a 2-1 decision. The WCAC majority agreed with the magistrate's determination that res judicata barred plaintiff's action against the alleged statutory employers:

We agree with the magistrate. The claims against the direct employer and the statutory employers are virtually the same. Both claims involve the same two alleged knee injuries, occurring on the same two alleged dates. They involve the same medical, disability and wage loss proofs. Both claims seek weekly wage loss benefits and medicals benefits for the same time periods. The claims against the direct employer and the statutory employers certainly would have made a convenient trial unit.

The plaintiff does not even argue there was an impediment to adding the statutory employers in the first litigation. He knew the direct employer was uninsured, but did not add the statutory employers until he was unable to collect against the uninsured employer. [*Bennett v Mackinac Bridge Auth*, 2008 Mich ACO 163, p 9.]

In his arguments to the WCAC, plaintiff relied on *Viele v DCMA*, 167 Mich App 571; 423 NW2d 270 (1988), modified in part on other grounds 431 Mich 898 (1988), in which this Court ruled that res judicata did not bar the plaintiff's claim against his alleged statutory employers even though his direct employer had already been ordered to pay benefits after a separate hearing. However, the WCAC majority distinguished the facts of the present case from those presented in *Viele*:

We do not believe *Viele* supports . . . plaintiff's position. *Viele* involved a situation where the plaintiff tried to proceed against the direct employer and the statutory employers. The Bureau [of Workers' Disability Compensation] decided to proceed to trial against the direct employer, even though the plaintiff had filed an amended petition adding the statutory employers before trial. The Court noted the plaintiff was not able to pursue the claims against the statutory employers in [the] first trial. The reason the plaintiff could not have "raised" the statutory employment issue in the first trial was because the Bureau bifurcated the issues by insisting on separate trials.

There is another reason we cannot accept [dissenting Commissioner Martha M. Glaser's] reasoned interpretation of *Viele*. If the only reason the Court in *Viele* ruled in the plaintiff's favor was because proving statutory employment required a bit more evidence than proving direct employment, then the Court would have been violating the "same transaction" test outlined in *Gose* [*v Monroe Auto Equip Co*, 409 Mich 147; 294 NW2d 165 (1980)]. We do not believe the decision in *Viele* was contrary to the *Gose* "same transaction" test. To the contrary, the *Viele* decision cites and follows the *Gose* standard. We believe [Commissioner Glaser's] interpretation of *Viele* forces *Viele* into conflict with *Gose* and the later decision in *Adair*, by adopting a "same evidence" standard. [*Bennett*, 2008 Mich ACO 163, at 9-10.]

WCAC Commissioner Glaser dissented, concluding that plaintiff's subsequent § 171 claim against defendants was not identical to the claim raised against Allstate in the first action:

[T]he instant claim is not identical for res judicata purposes because the facts or evidence essential to [the] maintenance of the two claims is not the same. In the initial action against Allstate, plaintiff was required to present evidence to prove that he was disabled as a result of a work injury. In the instant action, plaintiff is required first to present evidence to prove that either or both of these defendants are statutory employers. [*Id.* at 5.]

Commissioner Glaser also disputed the WCAC majority's determination that *Viele* was distinguishable:

> Plaintiff cannot claim res judicata on the merits of the case finding him to be compensably disabled, so he would once again have to present evidence to prove compensability. While some of the required evidence may overlap between the two claims, they are not identical.
>
> The *Viele* Court explained that the party seeking the subsequent litigation would not be able to assert res judicata to protect a previous award. However, if plaintiff had not established a compensable disability in the first case, defendants would be able to claim res judicata, so that plaintiff would not be able to obtain a different result, by filing multiple claims.
>
> The *Viele* Court also relied on the absence of any language in § 171 which could be read as mandating joinder of the alleged statutory employers with the direct employer. In fact, § 171 refers to a claim taken against the principal and indicates that the "principal shall be substituted for reference to the employer..." [sic] This language could be read as indicating a separate cause of action.
>
> The Supreme Court modified *Viele* . . . but left standing its holdings referenced above. *Viele v DCMA*, 431 Mich 898 (1988)[.] There are no subsequent, published Court of Appeals decisions which deviate from *Viele*. [*Id*. at 5-6.]

Plaintiff filed an application for leave to appeal the decision of the WCAC, which this Court initially denied. Our Supreme Court then remanded the matter to this Court for consideration as on leave granted.

II

Appellate review of WCAC decisions is limited. *Rakestraw v Gen Dynamics Land Sys, Inc*, 469 Mich 220, 224; 666 NW2d 199 (2003). "In the absence of fraud, we must consider the WCAC's findings of fact conclusive if there is any competent evidence in the record to support them." *Id*.; see also MCL 418.861a(14).

On the other hand, questions of law in workers' compensation cases are reviewed de novo. MCL 418.861; MCL 418.861a(14); *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401-402; 605 NW2d 300 (2000). We review de novo as a question of law whether res judicata applies in a given case. *Ditmore v Michalik*, 244 Mich App 569, 574; 625 NW2d 462 (2001). Questions of statutory interpretation are also reviewed de novo on appeal. *Brackett v Focus Hope, Inc*, 482 Mich 269, 275; 753 NW2d 207 (2008); *Rakestraw*, 469 Mich at 224.

III

Much of the actual dispute in this case arises out of the parties' varying interpretations of this Court's opinion in *Viele*. In *Viele*, 167 Mich App at 574, the plaintiff filed separate petitions for workers' compensation benefits against his direct employer and his alleged statutory employers. However, "[f]or reasons unclear from the record," the plaintiff's claim against his direct employer and his claim against his alleged statutory employers were not consolidated, and the case initially proceeded to trial against the direct employer only. *Id*. at 574-575. Following trial, the direct employer was ordered to pay benefits. *Id*. at 575. Shortly thereafter, the direct employer filed for bankruptcy. *Id*.

The case subsequently proceeded to trial on plaintiff's § 171 claim against his alleged statutory employers, and plaintiff was again awarded benefits. *Id*. at 575-576. The alleged statutory employers appealed the award to the Workers' Compensation Appeal Board (WCAB).[5] *Id*. at 576. The WCAB ruled that res judicata barred the subsequent trial on the plaintiff's § 171 claim, as well as the

---

[5] The WCAB was the "predecessor appellate body to the WCAC ...." *Sell v Mitchell Corp of Owosso*, 241 Mich App 235, 241; 615 NW2d 748 (2000). The WCAB has been eliminated. Former MCL 418.266.

award of benefits emanating from that trial. *Id.* at 576-577. Consequently, the WCAB ruled that the plaintiff could collect benefits from his direct employer only, and not from any of his alleged statutory employers. *Id.* at 577.

On appeal, this Court held that the WCAB had erred by ruling that res judicata barred the subsequent proceedings on plaintiff's § 171 claim. *Id.* at 578-579. This Court reviewed the relevant text of § 171, which discusses the relationship between a statutory employer and a direct employer. *Id.* at 580. On the basis of the statutory text, the *Viele* Court held that a "statutory employer is in privity with the direct employer and may properly invoke the doctrine of res judicata defensively to bar the relitigation of claims which could have been raised in the prior action between the disabled person and the direct employer, but were not." *Id.* at 580. However, despite the fact that the plaintiff's statutory employers were in privity with the plaintiff's direct employer, the *Viele* Court went on to explain:

> Here, the claim which the alleged statutory employers sought to bar was plaintiff's claim against them under § 171. This is not a claim which plaintiff could have raised in his prior action against [the direct employer]. Thus, while the alleged statutory employers may invoke the doctrine of res judicata to bar the relitigation of plaintiff's claim for disability benefits to the extent that [the direct employer] was exonerated from liability, they cannot invoke the doctrine to bar a hearing on the issue of their own liability as statutory employers. We, therefore, conclude that the WCAB applied erroneous legal reasoning in ruling that the [subsequent] hearing, and the decision emanating from that hearing, was barred under the doctrine of res judicata. [*Id.* at 581.]

Turning to the present case, plaintiff argues that this Court's opinion in *Viele* is directly on point and should control the outcome of this appeal. Plaintiff maintains that the specific reasons underlying the bifurcation of

the plaintiff's claims in *Viele* were unimportant to the outcome. Instead, plaintiff contends, the *Viele* Court held as a matter of law that an injured employee is entitled to proceed separately against his or her direct employer and his or her alleged statutory employers and that an injured employee necessarily cannot raise a § 171 claim in an action brought against the direct employer only. Plaintiff also notes the WCAC's longstanding recognition that there is no mandatory joinder of parties in workers' compensation proceedings. On the basis of *Viele*, and given the absence of a mandatory party-joinder rule in workers' compensation cases, plaintiff argues that he was fully entitled to sue his direct employer first, reserving for a later action any additional claim that he may have had against his alleged statutory employers under § 171. He further contends that, like the plaintiff in *Viele*, he necessarily could not have raised his § 171 claim in the first action, which was brought against Allstate only, and that the doctrine of res judicata therefore did not preclude him from raising the § 171 claim in his subsequent action against defendants.

Defendants respond by contending that the *Viele* opinion is distinguishable from the case at bar for several reasons. First, they point out that unlike plaintiff's § 171 claim in the instant case, which was not filed until after a decision had already been rendered with respect to plaintiff's claim against Allstate, the plaintiff's § 171 claim in *Viele* had been filed *before* the plaintiff's claim against his direct employer was litigated. Further, defendants suggest that the plaintiff's claim against his direct and alleged statutory employers in *Viele* were not consolidated because the Bureau of Workers' Disability Compensation (Bureau)[6] mandated the bifurcation of the claims in that case. Accordingly, they contend that the plaintiff in

---

[6] The Bureau is now known as the Workers' Compensation Agency.

*Viele* was powerless to consolidate his direct-employer and statutory-employer claims in one action. In contrast, defendants argue that there was no requirement mandating the bifurcation of plaintiff's claims in the present case and that plaintiff consequently could have consolidated his § 171 claim with his direct-employer claim against Allstate, bringing all claims in one single action. Defendants argue that because plaintiff could have brought his § 171 claim in the first action but did not, the doctrine of res judicata bars him from pursuing his § 171 claim in this subsequent proceeding. They also assert that plaintiff has offered no plausible or reasonable explanation for failing to join his alleged statutory employers in the first action against Allstate.

While some of this Court's holdings in *Viele* are unmistakable, others are not so clear. For example, as noted previously, the *Viele* Court observed that the plaintiff's § 171 claim in that case was "not a claim which plaintiff could have raised in his prior action against [the direct employer]." *Viele*, 167 Mich App at 581. The parties do not agree concerning what, exactly, the *Viele* Court meant by this statement. As explained earlier, plaintiff interprets this statement as a broad holding that injured employees are entitled to proceed separately against their direct and statutory employers and that such employees necessarily cannot raise a § 171 claim in an action brought against their direct employers only. On the other hand, defendants argue that the essential rationale for this statement—i.e., the reason why the *Viele* Court stated that the plaintiff in that case could not have raised his § 171 claim in the first action against his direct employer—was that the Bureau had bifurcated the claims in *Viele* contrary to the plaintiff's wishes. Defendants find support for their argument in the WCAC majority's opinion in this case, which stated that "[t]he reason the [*Viele*] plaintiff

could not have 'raised' the statutory employment issue in the first trial was because the Bureau bifurcated the issues by insisting on separate trials." *Bennett*, 2008 Mich ACO 163 at 9.

The obvious problem with defendants' argument (and the WCAC majority's statement) concerning this issue is that the *Viele* Court's opinion contained absolutely no language to suggest that the Bureau mandated the bifurcation of the plaintiff's claims in that case. Indeed, the *Viele* Court specifically observed that it was "unclear from the record" why the plaintiff's § 171 claim against his alleged statutory employers had not been consolidated with his claim against the direct employer. *Viele*, 167 Mich App at 574-575. We seriously doubt that the *Viele* Court would have characterized this matter as "unclear from the record" if it had been generally known, as defendants now assert, that the Bureau prevented the plaintiff from consolidating his claims by insisting on two separate trials.

The language of *Viele*'s footnote 2 belies defendants' argument as well. In footnote 2, the *Viele* Court clearly held that an injured worker is entitled to sue his or her direct employer, alleged statutory employer, or both, and that the decision to sue one of these entities instead of the other is within the sole discretion of the injured worker. *Id.* at 579-580 n 2. Specifically, the Court noted that even though a plaintiff is entitled to only "one award of compensation benefits for his disability under the WDCA," "[w]hether [a] plaintiff proceeds against his direct employer or the statutory employer, if any, has been viewed as being at the option of the disabled employee." *Id.* The *Viele* Court further suggested that a judgment against a plaintiff's direct employer generally does not bar or terminate that plaintiff's subsequent claim against his or her potential statutory employer,

which is liable for the same injury. *Id.*, citing 2 Restatement Judgments, 2d, § 49, p 34. Thus, through the language of footnote 2, the *Viele* Court appears to have implicitly held that an injured employee may sue his or her direct employer first, and may reserve for a subsequent proceeding any additional claim that he or she may have against his or her alleged statutory employers under § 171. Whatever truth there may be to the proposition that the Bureau insisted on bifurcating the plaintiff's claims in *Viele*, it simply does not appear that the *Viele* Court considered this to have been decisive to the outcome of that case.

Given the language of footnote 2, we are inclined to adopt plaintiff's broad reading of *Viele*. It strikes us that the *Viele* Court endorsed plaintiff's view, holding that an injured employee is entitled to proceed separately against his or her direct and statutory employers and that an award of benefits against a plaintiff's direct employer does not bar that plaintiff from asserting a § 171 claim against his or her statutory employer in a subsequent action. See *Viele*, 167 Mich App at 580 n 2. There is simply no other reasonable way to read the text of footnote 2. Nevertheless, for the reasons that follow, we need not definitively decide which interpretation of *Viele* is correct. As we will explain, there exist compelling reasons, wholly apart from this Court's opinion in *Viele*, to conclude that the doctrine of res judicata does not bar plaintiff's § 171 claim against defendants in this case.

IV

It is true, of course, that res judicata (also known as claim preclusion) applies in workers' compensation proceedings. *Gose*, 409 Mich at 159; *Banks v LAB Lansing Body Assembly*, 271 Mich App 227, 229; 720 NW2d 756 (2006).

The doctrine of res judicata applies where: (1) there has been a prior decision on the merits, (2) the issue was either actually resolved in the first case or could have been resolved in the first case if the parties, exercising reasonable diligence, had brought it forward, and (3) both actions were between the same parties or their privies. [*Paige v Sterling Hts*, 476 Mich 495, 521-522 n 46; 720 NW2d 219 (2006).]

To be sure, the "broad application" of res judicata applicable in Michigan workers' compensation cases bars not only "a second action . . . if the same question was actually litigated in the first proceeding," but also "those claims arising out of the same transaction which plaintiff could have brought, but did not." *Gose*, 409 Mich at 160; see also *Adair*, 470 Mich at 123-125.

It is equally true, however, that res judicata is a "judicially created" doctrine, *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380; 596 NW2d 153 (1999), and must not be applied when its application would subvert the intent of the Legislature, *Riley v Northland Geriatric Ctr (After Remand)*, 431 Mich 632, 642; 433 NW2d 787 (1988) (opinion by GRIFFIN, J.); *Juncaj v C & H Indus*, 161 Mich App 724, 734; 411 NW2d 839 (1987), vacated on other grounds 434 NW2d 644 (1989); see also *Texas Instruments Inc v Cypress Semiconductor Corp*, 90 F3d 1558, 1568 (CA Fed, 1996) (observing that "an administrative agency decision, issued pursuant to a statute, cannot have preclusive effect when [the Legislature], either expressly or impliedly, indicated that it intended otherwise").

We conclude that application of res judicata to bar plaintiff's subsequent action in the present case would subvert the intent of the Legislature because it would effectively read a rule of mandatory party joinder into the text of § 171. The WCAC has consistently recognized that the WDCA does not require the joinder of parties in workers' compensation proceedings. See, e.g., *Woodard v*

*Sebro Plastics, Inc*, 2002 ACO 263; *Hubbard v Laidlaw Transit Co*, 2000 ACO 406. We agree with the WCAC's determination that the WDCA generally does not require the joinder of parties, especially in the context of the statutory employment provision of § 171.

Our primary responsibility when interpreting a statute such as § 171 is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). The best evidence of the Legislature's intent is the language of the statute. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004). Section 171 contains no language mandating the joinder of parties. But it is clear that the Legislature could have included such language had it wanted to. For example, in several other statutes the Legislature has expressly mandated the joinder of parties as defendants. See, e.g., MCL 500.3172(3)(d) (mandating the joinder of certain parties as defendants in "assigned claims" litigation under the no-fault act); MCL 560.224a(1) (mandating the joinder of various parties as defendants in actions to revise or vacate recorded plats under the Land Division Act); MCL 600.3810(2) (mandating the joinder of chattel mortgagees, assignees, and lienholders as defendants in nuisance-abatement actions brought against vehicle owners under chapter 38 of the Revised Judicature Act). Although none of these statutory provisions is contained in the WDCA, these examples make clear that the Legislature knows how to enact a statute requiring the joinder of parties when it so desires. See *Risk v Lincoln Charter Twp Bd of Trustees*, 279 Mich App 389, 403-404; 760 NW2d 510 (2008).

Even more persuasive, the Legislature has on occasion provided mechanisms for compelling the joinder of parties in certain sections of the WDCA itself. Specifically, the Legislature has provided that when a voca-

tionally disabled worker is employed under the provisions of chapter 9 of the WDCA[7] and the vocationally disabled worker files a claim for benefits against his or her employer, the Second Injury Fund must be joined as a party defendant upon motion of the employer. MCL 418.931(1). Likewise, another section of the WDCA formerly provided that when an employee disabled by an occupational disease filed a claim for benefits against his or her "last employer," the last employer could compel the joinder of the disabled employee's prior employers as defendants under certain circumstances. Former MCL 418.435.[8] In light of these current and former provisions of the WDCA—both establishing means to compel the joinder of parties in certain situations—we view the Legislature's omission of a party-joinder provision from § 171 as "very strong evidence of . . . legislative intent . . . ." *McSloy v Ryan*, 27 Mich 110, 115 (1873); see also *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 103; 693 NW2d 170 (2005) (noting that "[t]he omission of a provision in one part of a statute that is included in another should be construed as intentional").

As the aforementioned statutory provisions demonstrate, the Legislature knows how to (1) require the joinder of parties outright and (2) prescribe methods by which one party may compel the joinder of other parties.

---

[7] MCL 418.901 *et seq.*

[8] This version of MCL 418.435, permitting a disabled employee's last employer to compel the joinder of prior employers under certain circumstances, was amended by 1980 PA 357. MCL 418.435 now provides that

[t]he total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted. If any dispute or controversy arises as to the payment of compensation or as to liability for the compensation, the employee shall make claim upon the last employer only and apply for a hearing against the last employer only.

Section 171 contains neither type of provision. Had the Legislature wanted to require the joinder of direct and statutory employers in a single action, it easily could have done so by including language to that effect in the text of § 171. See *Potter v McLeary*, 484 Mich 397, 422 n 30; 774 NW2d 1 (2009) (observing, albeit in an unrelated context, that "[i]f the Legislature wanted such a requirement, it could have easily included it"). However, it did not. Accordingly, we conclude that the Legislature intended to allow an injured employee to bring separate actions against his or her direct employer and statutory employer without joining all potentially liable parties as defendants in one single proceeding.

Res judicata and party joinder are naturally distinct concepts. However, the ideas underlying these two concepts are, at least to some extent, interrelated. See 2 Restatement Judgments, 2d, § 51, comment *c*, pp 51-52. For instance, it has been suggested that one of the essential purposes underlying a rule of mandatory party joinder is to ensure that any ensuing judgment will have res judicata effect. *Patterson Enterprises, Inc, v Bridgestone/Firestone, Inc*, 812 F Supp 1152, 1155 (D Kan, 1993). Similarly, application of the doctrine of res judicata can work to create a de facto rule of compulsory party joinder. See *United States v Lacey*, 982 F2d 410, 412 (CA 10, 1992); *Drug Purchase, Inc v Dubroff*, 485 F Supp 887, 890 (SD NY, 1980); see also *Day v Kerkorian*, 61 Mass App 804, 812; 814 NE2d 745 (2004). This is because a plaintiff who sues one party will be required to join as defendants all other parties sharing the same interest in the litigation in order to avoid the res judicata bar. *Lacey*, 982 F2d at 412.

This is precisely what has happened here. Given the particular contractual relationship between statutory employers and direct employers, it is beyond dispute

that statutory employers are in privity with direct employers for purposes of res judicata. MCL 418.171(1); *Viele*, 167 Mich App at 580. Accordingly, application of res judicata in a case such as this will essentially create a de facto rule of mandatory party joinder, requiring an injured employee who sues his or her direct employer to join at the outset all possible statutory employers in the same action in order to avoid the res judicata bar that would otherwise inevitably result. One need not look any further than the circumstances of the case at bar. By applying the doctrine of res judicata to preclude plaintiff's subsequent action against his alleged statutory employers, the magistrate and the WCAC majority have read into § 171 a rule of compulsory party joinder that finds no support in the statutory text.

For reasons already explained, we have concluded that the Legislature intended to allow an injured employee to bring separate workers' compensation actions against his or her direct employer and statutory employer without joining all potentially liable parties in one proceeding. Application of the judicially created doctrine of res judicata in a case like this would impermissibly subvert this legislative intent. *Riley*, 431 Mich at 642 (opinion by GRIFFIN, J.); *Juncaj*, 161 Mich App at 734. Consequently, we hold that the magistrate and the WCAC erred by applying res judicata to bar this subsequent action against plaintiff's alleged statutory employers under § 171. We reverse the decision of the WCAC and remand this matter to the magistrate with instructions to reinstate plaintiff's § 171 claim against American Painting and the Authority.

V

We wish to address briefly defendants' suggestion that because plaintiff knew Allstate was uninsured, it

was somehow improper or unreasonable for him to proceed initially against Allstate only. As plaintiff's counsel pointed out at oral argument before this Court, plaintiff apparently believed that although Allstate was uninsured, it would still have sufficient assets to pay any resulting award of workers' compensation benefits. However unreasonable this belief might seem with the benefit of hindsight, it is clear that plaintiff was nevertheless entitled to proceed against his uninsured direct employer without joining defendants in the first action. It is true that employers who are subject to the WDCA must either purchase workers' compensation insurance from an authorized insurer or operate as a self-insurer. MCL 418.611(1); see also *Wyrybkowski v Cobra Pre-Hung Doors, Inc*, 66 Mich App 555, 557; 239 NW2d 660 (1976). However, the WDCA does not prohibit an injured worker from bringing a workers' compensation claim against an employer who is not insured and has not complied with MCL 418.611. The Legislature has specifically provided that an injured employee may present an order awarding workers' compensation benefits to the circuit court, that the circuit court "shall render judgment in accordance with the order unless proof of payment is made," and that the court's judgment "shall have the same effect as though rendered in an action tried and determined in the court and shall be entered and docketed with like effect." MCL 418.863.[9] This Court has held that even if an employer has failed to purchase workers' compensation insurance or operate as a self-insurer in accordance with MCL 418.611, such a judgment may be executed against the uninsured employer's assets. *Wyrybkowski*, 66 Mich App at 558-

---

[9] The purpose of this statute is "to protect the interests of persons with work[ers'] compensation awards by providing for prompt enforcement through the judicial machinery of the circuit courts . . . ." *Wyrybkowski*, 66 Mich App at 558.

559. Thus, although it may have been unwise for plaintiff to believe that Allstate would have sufficient assets to pay his workers' compensation benefits, there was nothing inherently improper in plaintiff's initial decision to proceed against his uninsured direct employer only.[10]

VI

We also wish to address defendants' prediction that our decision will result in severe prejudice on remand because plaintiff will now be able to invoke the doctrine of res judicata offensively against them. We do not share defendants' concerns. An injured employee may not invoke the doctrine of res judicata offensively against his or her statutory employers in a subsequent proceeding if those statutory employers did not have adequate notice of the previous proceeding against the direct employer. *Viele*, 167 Mich App at 582; see also 2 Restate-

---

[10] There has been some suggestion that the real reason plaintiff was unable to collect from Allstate under the original magistrate's award was that Allstate filed for bankruptcy soon after the award was issued. Indeed, WCAC Commissioner Glaser stated in her dissenting opinion that "[p]laintiff, having won against Allstate [in the first action], was unable to collect, due to a subsequent bankruptcy action." Despite Commissioner Glaser's statement in this regard, we find no evidence in the record to indicate that Allstate actually filed for bankruptcy. However, we wish to make clear that if Allstate *did* file for bankruptcy after the original award was issued, this would provide an additional reason for concluding that res judicata does not bar plaintiff's § 171 claim against defendants. Res judicata does not bar a subsequent action between the same parties or their privies when the facts have changed or new facts have developed. *Labor Council, Michigan Fraternal Order of Police v Detroit*, 207 Mich App 606, 608; 525 NW2d 509 (1994). Assuming arguendo that Allstate did file for bankruptcy after the original award was issued, thereby effectively cutting off plaintiff's ability to collect under the award, this surely would have constituted a change in facts and circumstances sufficient to overcome the applicability of res judicata in this case. *Id.*

ment Judgments, 2d, § 83(2)(a), p 266. Unlike the uncertain language from *Viele* discussed earlier, the *Viele* Court's holding on this issue was clear. Because American Painting and the Authority did not have adequate notice of plaintiff's previous action against Allstate, their concern is unfounded.[11]

VII

Lastly, we turn to American Painting's remaining argument that it does not qualify as plaintiff's statutory employer under § 171 because it did not have the requisite contractual relationship with Allstate. Whether an entity such as American Painting constitutes a "principal" within the meaning of § 171 is a question of law. *Woody v American Tank Co*, 49 Mich App 217, 230; 211 NW2d 666 (1973). Because this legal issue was not addressed or decided by the WCAC, we lack the authority to consider it on appeal. MCL 418.861a(14); *Calovecchi v Michigan*, 461 Mich 616, 626; 611 NW2d 300 (2000).

VIII

The magistrate and the WCAC erred by determining, contrary to the intent of the Legislature, that res judicata barred plaintiff's subsequent action against defendants. Plaintiff was entitled to seek benefits from his direct employer first, reserving for a subsequent proceeding any claim against his alleged statutory employers under § 171. We therefore reverse the decision

---

[11] Nor will plaintiff be entitled to invoke the doctrine of collateral estoppel (also known as issue preclusion) offensively against defendants on remand. Allstate did not appear for trial or meaningfully defend itself in the previous action. Accordingly, even if it is determined that defendants are in privity with Allstate, they have not had a full and fair opportunity to litigate the issues in this matter. See *Monat v State Farm Ins Co*, 469 Mich 679, 682-684; 677 NW2d 843 (2004).

of the WCAC and remand this matter to the magistrate with instructions to reinstate plaintiff's § 171 claim against American Painting and the Authority.

Reversed and remanded to the magistrate for reinstatement of plaintiff's claim against defendants consistent with this opinion. We do not retain jurisdiction. As the prevailing party, plaintiff may tax costs pursuant to MCR 7.219.