LABOR COUNCIL, MICHIGAN FRATERNAL ORDER
POLICE v CITY OF DETROIT

Docket No. 149778. Submitted August 3, 1994, at Lansing. Decided
November 22, 1994, at 9:15 A.M.

Labor Council, Michigan Fraternal Order of Police petitioned the
Michigan Employment Relations Commission for compulsory
arbitration pursuant to 1969 PA 312, MCL 423.231 *et seq.*;
MSA 17.455(31) *et seq.*, of a labor dispute involving the City of
Detroit and a collective bargaining unit made up of detention
facility officers. The commission dismissed the petition, deter-
mining that the employees at issue were not critical-service
employees eligible for compulsory arbitration under Act 312.
The petitioner appealed.

The Court of Appeals *held:*

1986 MERC Lab Op 972, which involved the same parties and
in which the commission decided that detention facility officers
were critical-service employees eligible for compulsory arbitra-
tion under Act 312, has no res judicata effect in view of the
significant change made under a 1988 contingency plan to
ensure public safety in the event of a work slowdown or
stoppage by the detention facility officers. The commission
therefore did not err in not applying res judicata and in
addressing anew the question whether the detention facility
officers were critical-service employees eligible for compulsory
arbitration under Act 312.

Affirmed.

JUDGMENTS — RES JUDICATA.

Res judicata bars a subsequent action between the same parties
when the facts or evidence essential to the maintenance of the
two actions are identical; if the facts change, or new facts
develop, res judicata will not apply.

*John A. Lyons,* for the petitioner.

REFERENCES

Am Jur 2d, Judgments § 567.

See ALR Index under Res Judicata.

*William G. Ashworth,* Assistant Corporation Counsel, for the respondent.

Before: MICHAEL J. KELLY, P.J., and CAVANAGH and M. J. SHAMO,* JJ.

PER CURIAM. Petitioner, Labor Council, appeals as of right from the February 18, 1992, decision of the Michigan Employment Relations Commission dismissing its petition for arbitration. We affirm.

We have reformulated the issue on appeal as follows: Did the MERC err in failing to apply the doctrine of res judicata to the question whether detention facility officers (DFOs) are eligible for compulsory arbitration under 1969 PA 312, MCL 423.231 *et seq.*; MSA 17.455(31) *et seq.* (Act 312)?

On June 20, 1990, petitioner filed a petition for arbitration under Act 312. The MERC granted the motion to dismiss filed by respondent City of Detroit, holding that the DFOs were no longer eligible for compulsory arbitration under Act 312.

In a 1986 decision involving the same parties, the MERC had determined that DFOs were eligible for Act 312 arbitration. 1986 MERC Lab Op 972.

Petitioner contends that the 1986 decision controls the outcome of the present case and that the MERC erred in failing to address the res judicata issue.

The question presented is one of law, which we review de novo. *Alexander v Riccinto,* 192 Mich App 65, 70; 481 NW2d 6 (1991).

Res judicata is the doctrine that bars a subsequent action between the same parties when the facts or evidence essential to the maintenance of the two actions are identical. *Old Kent Bank of Holland v Chaddock, Winter & Alberts,* 197 Mich

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

App 372, 379; 495 NW2d 808 (1992). However, if the facts change, or new facts develop, res judicata will not apply. *In re Pardee,* 190 Mich App 243, 248; 475 NW2d 870 (1991).

In this case, there was a change in circumstances after the 1986 opinion was released. In 1988, a contingency plan was adopted to provide for certain action to be taken in the event of a work slowdown or stoppage by the DFOs.

The change in the new plan was significant enough to warrant full review of the dispute and render the doctrine of res judicata inapplicable. Before the plan was adopted, a work slowdown or stoppage by the DFOs could have threatened community safety; now, however, that threat is averted. Consequently, the DFOs are no longer critical-service employees. 1992 MERC Lab Op 76, 78.

The MERC did not breach its statutory duty in failing to address explicitly the res judicata issue. That failure was not perverse or palpably wrong, see *Hepler v Dep't of Labor,* 64 Mich App 78, 87; 235 NW2d 161 (1975), because, as has been shown, res judicata was inapplicable in this case. We note that the res judicata question had been exhaustively discussed in a 1990 decision involving senior DFOs. In that case, the MERC declined to apply the doctrine of res judicata because adoption of the contingency plan established that the senior DFOs were no longer critical-service employees and thus were not eligible for Act 312 arbitration. 1990 MERC Lab Op 598, 604-606.

Accordingly, the MERC did not err in failing to apply the doctrine of res judicata in this case.

Affirmed.