# STATE OF MICHIGAN

# COURT OF APPEALS

---

FRANKLIN RIDGE HOMES, LLC,

   Petitioner-Appellant,

v

CITY OF WESTLAND,

   Respondent-Appellee.

UNPUBLISHED
April 28, 2015

No. 319626
Tax Tribunal
LC No. 00-422488

---

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

PER CURIAM.

Petitioner, a developer of residential subdivisions, appeals as of right a judgment from the Michigan Tax Tribunal (the Tribunal) determining the true cash value (TCV), state equalized value (SEV), and taxable value (TV) of 13 parcels of property. We affirm.

## I. JURISDICTION

This case arises from petitioner's challenges to the property tax assessments for 51 properties located in Westland. Although neither party directly challenges this Court's jurisdiction, "a court at all times is required to question sua sponte its own jurisdiction . . . ." *Straus v Governor*, 459 Mich 526, 532; 592 NW2d 53 (1999). Petitioner has pursued its appeal as of right. With regard to cases originating in the Tribunal, MCL 205.753(2) provides that an "[a]ppeal from the final order or decision of the tribunal may be taken by filing an appeal in accordance with the Michigan court rules after the entry of the order or decision appealed from or after denial of a motion for rehearing timely filed." Pursuant to MCL 205.753(3), "An order, ruling, or decision before the final decision of the tribunal is not reviewable unless leave to appeal is granted by the court of appeals." Thus, unless this Court grants leave to appeal, a decision of the Tribunal that is not final may not be appealed in this Court. MCL 205.753(2) and (3).

Pursuant to MCR 7.202(6)(a)(*i*), a final order is the first order that "disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ." In MTT 422488, petitioner appealed 50 parcels, including one identified as 56-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-000 (Lot 27). The parties' consent judgment, the last order entered in MTT 422488, did not resolve the appeal as it pertained to Lot 27. Thus, no final order exists in MTT 422488 because the issues pertaining to Lot 27 have yet to be adjudicated. While the parties stipulated in the consent order that it is a final order for purposes of appeal, "[s]ubject-matter jurisdiction cannot be granted by implied or

express stipulation of the litigants." *Harris v Vernier*, 242 Mich App 306, 316; 617 NW2d 764 (2000). Because no final order exists in MTT 422488, this Court lacks jurisdiction over the appeal as an appeal as of right. MCL 205.753(2) and (3).

However, this Court may exercise its discretion to treat the appeal as leave granted. See, e.g., *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 354; 833 NW2d 384 (2013); MCR 7.205(E)(2). Under the circumstances of this case, we exercise our discretion and treat the appeal as leave granted.

## II. DISCUSSION

### A. STANDARD OF REVIEW

To be preserved for review, a party must properly raise an issue before the Tribunal. *Toaz v Dep't of Treasury*, 280 Mich App 457, 463; 760 NW2d 325 (2008). While petitioner filed a motion seeking transfer of a small claims case at issue in this matter, petitioner only argued that transfer was warranted because it would be more suitable and economical to hear the matter before the entire tribunal; none of the arguments now raised by petitioner were raised in the motion. While petitioner subsequently raised some of the arguments it has presented on appeal in two motions for reconsideration, issues raised for the first time in a motion for reconsideration are not properly preserved for review. *Vushaj v Farm Bureau Gen Ins Co of Michigan*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Accordingly, the arguments petitioner now raises are not preserved for review. *Toaz*, 280 Mich App at 463. However, because all of the facts necessary to resolve petitioner's arguments are available, we may review the claim. *Vushaj*, 284 Mich App at 519.

Generally, this Court's "review of Tax Tribunal decisions, absent fraud, is limited to whether the tribunal made an error of law or adopted a wrong principle. We accept the factual findings of the tribunal as final, provided they are supported by competent, material, and substantial evidence." *Curis Big Boy, Inc v Dep't of Treasury*, 206 Mich App 139, 143; 520 NW2d 369 (1994). "[W]e review de novo the interpretation and application of unambiguous statutes and administrative rules." *Romulus v Mich Dep't of Environmental Quality*, 260 Mich App 54, 64; 678 NW2d 444 (2003).

We review unpreserved issues for plain error affecting substantial rights. *Henderson v Dep't of Treasury*, 307 Mich App 1, 9; 858 NW2d 733 (2014). To be entitled to relief, petitioner must demonstrate that an error occurred, that the error was plain, and that the error affected its substantial rights. *Id*.

### B. ANALYSIS

Petitioner contends that the Tribunal abused its discretion in denying the motion to transfer the appeal in MTT 413762 to the entire tribunal and consolidate the appeals with MTT 422488. We disagree.

Petitioner first describes the Tribunal's dismissal of the parcels from MTT 422488 as a sanction, which it argues amounted to an abuse of discretion pursuant to *Grimm v Treasury Dep't*, 291 Mich App 140, 149; 810 NW2d 65 (2010).[1] Petitioner's argument is without merit because the Tribunal did not dismiss the parcels from MTT 422488 as a sanction. Rather, the dismissal was because the 2010 tax assessments for those parcels had been appealed in MTT 413762, and the assessments for the year 2011 automatically attached to MTT 413762 by operation of MCL 205.737(5)(b).

Nevertheless, petitioner maintains that the Tribunal's order denying the motion to transfer was an abuse of discretion. Petitioner asks this Court to remand the case so that it can pursue its appeals of the 2011 assessments for the properties dismissed from MTT 422488. It argues that such relief is warranted because the Tribunal's conclusion that petitioner's appeals of the 2011 assessments would be determined in MTT 413762 turned out to be incorrect, as the referee did not determine the value of these properties in MTT 413762.

However, the Tribunal's analysis was correct. While petitioner asserts that the Tribunal did not "set forth any reasoning explaining its denial of transfer," the Tribunal's reasoning was clear. Petitioner first filed appeals regarding the 2010 assessments of 37 parcels in the small claims division, MTT 413762. Petitioner then appealed the 2011 assessments for 36 of those same properties in MTT 422488.[2] However, MCL 205.737(5)(b) provides that where a petition concerning residential property is filed in the small claims division of the Tribunal, "the appeal for each subsequent year for which an assessment has been established shall be added automatically to the petition."

Thus, by operation of MCL 205.737(5)(b), petitioner's appeals of the 2011 assessments automatically attached to MTT 413762. Accordingly, the Tribunal dismissed petitioner's appeals regarding the 2011 assessments in MTT 422488 in order to avoid duplicative appeals. While petitioner may have changed its mind regarding what forum it preferred, it chose to file in the small claims division. Petitioner either knew or should have known that appeals for subsequent years would be automatically included in that case. See MCL 205.737(5)(b). While petitioner may have later had a change of heart regarding what forum would be best suited to

---

[1] Under *Grimm*, before a trial court dismisses a case as a sanction, the court must consider:

 (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [Quotation marks and citation omitted.]

[2] In MTT 413762, parcel 56-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-000 (Lot 30) was included. However, in MTT 4224888, petitioner did not object to the valuation of Lot 30. Ostensibly this is because petitioner sold Lot 30 on November 19, 2010, and no longer owned the property at the time it initiated its action in MTT 422488.

hear its appeals, this does not demonstrate that the Tribunal abused its discretion when denying the motion to transfer. Moreover, although the referee ultimately did not assess the value of these properties for 2011, the legal reasoning at the time of the Tribunal's order was sound.

Now, petitioner insists that the Tribunal erred because "[t]here is no rule prohibiting an overlapping appeal." On the contrary, the doctrine of res judicata generally "bars a subsequent action between the same parties when the facts or evidence essential to the maintenance of the two actions are identical." *Labor Council, Mich Fraternal Order of Police v Detroit*, 207 Mich App 606, 607-608; 525 NW2d 509 (1994). Res judicata applies to controversies adjudicated by the Tax Tribunal. *Wayne Co v Detroit*, 233 Mich App 275, 277-278; 590 NW2d 619 (1998). If petitioner had been allowed to challenge the same assessments in two different appeals, the second appeal would be barred by res judicata. *Id*.

Petitioner alternatively contends that the appeals were "not overlapping, since a second transfer of ownership occurred in 2010." This assertion is meritless. "The tribunal's jurisdiction is strictly limited by MCL 205.735(3)." *Spartan Stores, Inc v Grand Rapids*, 307 Mich App 565, 571; ___ NW2d ____ (2014). To invoke the Tribunal's jurisdiction, "petitioners before the tribunal must be a 'party in interest'—namely, a 'person[] with an interest in the property being assessed.' " *Id*., quoting *Jefferson Sch v Detroit Edison Co*, 154 Mich App 390, 397; 397 NW2d 320 (1986).

It is undisputed that the referee in MTT 413762 did not assess the value of the disputed parcels for 2011. This appears to be because the referee made a factual finding that petitioner transferred all 51 properties in November, 2010, for a sale price of $154,900. Having determined that petitioner sold the properties in 2010, the referee seems to have concluded that petitioner was no longer a party in interest with regard to the 2011 assessments, obviating the need for any determination with regard to the 2011 assessments. Yet, petitioner sold only a single property, 56-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-000 (Lot 30),[3] on November 19, 2010, for $154,900. It was not until March 2011, that petitioner transferred the remaining 50 properties to Marlee Homes, Inc. (Marlee).[4] But, petitioner did not bring this error to the attention of the Tribunal before the proposed judgment was adopted as a final order, nor did it appeal the judgment in this Court.[5]

Further, even if petitioner is correct that it transferred the parcels in 2010, that only serves to demonstrate that petitioner is not entitled to relief. If petitioner did not own the parcels in 2011, then in the year 2011, petitioner would no longer have an interest in the property being

---

[3] The corresponding address of this property is 33515 Birchlawn, Westland, MI 48185.

[4] This is confirmed by the quit claim deed wherein Franklin Ridge transferred 50 parcels to Marlee. The quit claim deed was dated March 2, 2011.

[5] Petitioner's decision not to challenge the referee's finding may very well be because the error worked in petitioner's favor. The referee based his valuation of the properties, in part, because of his mistaken belief that petitioner had sold *all* 51 properties for $154,900, as opposed to a single parcel or property.

assessed. Accordingly, it would be unable to invoke the Tribunal's jurisdiction to challenge the 2011 assessments. See *Spartan Stores, Inc*, 307 Mich App at 571.[6]

Petitioner also suggests that the Tribunal erred because its decision contravened the administrative rule regarding transfers and MCL 205.737(5)(b). "Principles of statutory interpretation apply to the construction of administrative rule." *Romulus*, 260 Mich App at 65. This Court "must ascertain and give effect to the intent of the drafter of the statute or administrative rule under review." *Id*. Where the language of the rule or statute is unambiguous, "the drafter is presumed to have intended the meaning plainly expressed and further judicial interpretation is not permitted." *Id*.

At the time of petitioner's motion, the applicable rule regarding transfers provided:

> Not less than 14 days before a hearing, a party or intervenor, by motion and notice to the opposing party or parties, may, by motion, request a transfer of the proceeding from the small claims division to the entire tribunal. If the motion is filed with the tribunal after the notice of hearing in the proceeding has been issued by the tribunal, then the parties shall appear at the hearing and be prepared to conduct the hearing, unless otherwise ordered by the tribunal. If the request is granted, the moving party shall pay the reasonable expenses incurred by the other parties incidental to the transfer and any costs resulting from subsequent appeals. [1996 Mich Admin Code, R 205.1315(1).[7]]

Additionally, the final sentence of MCL 205.737(5)(b) provides that "upon leave of the tribunal, the petitioner or respondent may request that any subsequent year be excluded from appeal at the time of the hearing on the petition."

Petitioner argues that, because R 205.1315(1) allows transfer and MCL 205.737(5)(b) allows petitioner to exclude subsequent tax years from an appeal, the Tribunal erred in refusing petitioner's motion to transfer its appeal. That argument is without merit. Petitioner seems to believe that these rules provide an affirmative right to transfer. Yet, R 205.1315(1) states that a petitioner "may, by motion, request a transfer," and requires the moving party to pay expenses caused by the transfer "[i]f the request is granted . . . ." The rule does not guarantee the right to transfer. In fact, it is clear from the language of the rule that the decision to allow transfer is discretionary.

---

[6] Although petitioner alludes to the fact that a "party in interest" may be broader than simply an owner, petitioner provides no actual argument or explanation of how it was a party in interest after the transfer of all 51 parcels. "Defendant's failure to properly address the merits of his assertion of error constitutes an abandonment of this issue on appeal." *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 287; 761 NW2d 761 (2008).

[7] This has been superseded by Mich Admin Code R 792.10273, which is similar in substance to the former rule.

Moreover, MCL 205.737(5)(b) similarly allows a petitioner to "request" that a subsequent year be excluded "upon leave of the tribunal . . . ." This language similarly contemplates discretion vested with the Tribunal, not an affirmative right to transfer whenever it is requested. The Tribunal's decision did not contravene the statutory language.

Finally, petitioner contends that the Tribunal erred in denying its motion seeking to reinstate these parcels in MTT 422488. This motion was filed on July 17, 2013, well over a year after the Tribunal dismissed the parcels from MTT 422488.[8] Viewing the motion as a motion for reconsideration, the Tribunal denied the motion as untimely filed. This was not an abuse of discretion. At the time of the Tribunal's decision, motions for rehearing or reconsideration were required to be filed within 21 days after the decision being challenged was entered. See 2013 Annual Admin Code Supp, R 792.10257(1). While petitioner titled the motion as one to reinstate the parcels, the motion explicitly challenged the February 15, 2012 order and argued it was wrongly decided. Thus, it was a motion seeking reconsideration of the February 15, 2012 order, and pursuant to R 792.10257(1), it was untimely. The denial of an untimely motion for reconsideration is not an abuse of discretion. *Leider v Fitzgerald Ed Ass'n*, 167 Mich App 210, 217; 421 NW2d 635 (1988).

### III. CONCLUSION

In light of the foregoing, we find that petitioner is not entitled to relief with regard to the issues raised on appeal. However, because no determination has been made with regard to Lot 27, we remand the case to the Tribunal for a determination regarding the 2011 tax assessment for Lot 27. In all other respects, we affirm. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause
/s/ Michael J. Riordan

---

[8] To the extent that petitioner is referencing the February 21, 2012 motion for reconsideration, we find no error in the Tribunal's reasoning pursuant to MCL 205.737(5)(b), as discussed *supra*.