# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN FRANCIS LECHNER,

Plaintiff-Appellant,

v

ROBIN LECHNER, JUDGE CHARLES C.
NEBEL, and MICHAEL BRYCE WINNICK,

Defendants-Appellees.

UNPUBLISHED
October 24, 2017

No. 335488
Chippewa Circuit Court
LC No. 16-014305-NM

Before: K. F. KELLY, P.J., and BECKERING and RIORDAN, JJ.

PER CURIAM.

Plaintiff, John Francis Lechner, appeals by right the trial court's orders granting summary disposition to defendants, Robin Lechner, Judge Charles Nebel, and Michael Winnick, pursuant to MCR 2.116(C)(7) (res judicata, collateral estoppel, and judicial immunity) and MCR 2.116(C)(8) (failure to state a claim). We affirm.

Relying on MCR 2.612(C)(3), plaintiff seeks to set aside the judgment of divorce ending his marriage with defendant Lechner based on his allegation of "fraud on the court." Specifically, plaintiff seeks to vacate the property division provisions of that judgment. We previously set forth the "storied history" of the divorce proceedings which gave rise to plaintiff's action in *Lechner v Lechner*, unpublished opinion per curiam of the Court of Appeals, issued May 19, 2015 (Docket No. 323892), p 1. Judge Nebel presided over the 2013 divorce trial before determining and dividing the marital assets. Defendant Winnick was defendant Lechner's divorce attorney. After the judgment of divorce was entered, plaintiff moved for relief from judgment, claiming that defendants Lechner and Winnick "engaged in fraudulent conduct" and that there was "newly discovered evidence" supporting that position. Judge Nebel denied plaintiff's motion, and we affirmed. Specifically, we concluded that plaintiff "has not established fraud on Mrs. Lechner's part, nor that he exercised due diligence in securing evidence before trial or should have been excused from that duty." *Lechner*, unpub op at 9.

In this instant action, plaintiff presents substantially similar arguments regarding the purportedly fraudulent behavior engaged in by defendants Lechner and Winnick. Additionally, he asserts that Judge Nebel allowed the fraud to occur by failing to review the entire record of the divorce proceedings, which lasted several years, before dividing the marital property. Plaintiff again submitted "newly discovered evidence" in support of his claims. The trial court

concluded that, as to defendants Lechner and Winnick, plaintiff's action was barred by the doctrines of res judicata and collateral estoppel. The court granted summary disposition to Judge Nebel on the grounds that he was immune from liability in this suit and that plaintiff had failed to state a claim upon which relief could be granted.[1]

We review de novo a ruling on a motion for summary disposition. *Radu v Herndon & Herndon Investigations, Inc*, 302 Mich App 363, 373; 838 NW2d 720 (2013). "The applicability of legal doctrines such as res judicata and collateral estoppel are questions of law to be reviewed de novo." *Husted v Auto-Owners Ins Co*, 213 Mich App 547, 555; 540 NW2d 743 (1995). "The applicability of immunity is a question of law that is likewise reviewed de novo on appeal." *Denhof v Challa*, 311 Mich App 499, 510; 876 NW2d 266 (2015).

A trial court may grant summary disposition under MCR 2.116(C)(7) for numerous reasons, including "prior judgment" and "immunity granted by law." "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Id*. But a court does not need to accept as true a party's "legal conclusions" when ruling on a subrule (C)(7) motion. *Davis v City of Detroit*, 269 Mich App 376, 379 n 1; 711 NW2d 462 (2005).

The doctrine of collateral estoppel, "also known as issue preclusion," *Bennett v Mackinac Bridge Auth*, 289 Mich App 616, 637 n 11; 808 NW2d 471 (2010), "bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding," *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006). "Collateral estoppel is a flexible rule intended to relieve parties of multiple litigation, conserve judicial resources, and encourage reliance on adjudication." *Rental Props Owner Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 529; 866 NW2d 817 (2014).

Plaintiff argues that he is not attempting to relitigate Judge Nebel's findings in the divorce action; rather, he is challenging the manner in which those findings were reached. But it is not the divorce action, in and of itself, that bars plaintiff's claim. Rather, it is his post-judgment motion in the divorce action that precludes consideration of the primary issue presented by his complaint in this case. In that motion, plaintiff argued that defendants Lechner and Winnick acted fraudulently during the divorce trial, a contention he supported with purportedly newly discovered evidence. In the case before us, plaintiff maintains that "fraud on the court" was committed during the divorce trial, which he attempts to prove with "newly discovered evidence." These are "identical," "not merely similar," issues. *Rental Props Owners Ass'n of Kent Co*, 308 Mich App at 529.

---

[1] Because the trial court correctly granted defendant Judge Nebel summary disposition under subrule (C)(7), we will not address whether summary disposition was also appropriate under subrule (C)(8).

Plaintiff suggests that his action is not precluded because he has "discovered" and submitted new evidence since we affirmed the order denying his motion for relief from judgment. However, plaintiff has abandoned this argument by failing to specifically identify on appeal what the new evidence consists of. We will not search through the record to find support for plaintiff's claim. *McIntosh v McIntosh*, 282 Mich App 471, 485; 768 NW2d 325 (2009). Plaintiff has also abandoned this issue because he fails to provide any authority suggesting that the presentation of new evidence bars application of the preclusion doctrines. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). To the contrary, "[p]reclusion cannot be avoided simply by offering evidence in the second proceeding that could have been admitted, but was not, in the first." *Yamaha Corp of America v United States*, 961 F 2d 245, 254-255 (DC Cir, 1992) (citation omitted).[2]

Plaintiff baldly asserts that he could not have previously presented the "new" evidence, but we are unconvinced.[3] Indeed, he claims that one of the newly discovered documents was admitted into evidence at a 2008 hearing but then "mysteriously disappeared." Yet, plaintiff fails to explain why it took almost eight years to "re-obtain" this evidence. Likewise, another purportedly new document is a letter, dated September 16, 2009, which was sent to plaintiff's divorce attorney. Plaintiff also presents bank account statements from 2007 and 2008 for an account held in his son's and brother's names. We fail to see why these statements could not have been presented at the 2013 trial or in plaintiff's post-judgment motion for relief. Similarly, any new allegations and arguments plaintiff makes in his complaint could have been included in his motion for relief from judgment. "[O]nce an *issue* is raised and determined, it is the entire *issue* that is precluded, not just the particular arguments raised in support of it in the first case." *Yamaha Corp of America*, 961 F 2d at 254 (emphasis in original).

We recognize that an independent action to set aside a judgment for a fraud on the court under MCR 2.612(C)(3) is distinct from a motion for relief from judgment under MCR 2.612(C)(1). Nonetheless, given the substantial similarly of the underlying claims made in the two proceedings, we rule that the central issue plaintiff presents in his independent action "was actually and necessarily determined in th[e] prior proceeding." *Leahy*, 269 Mich App at 530. We also note that defendants Winnick and Judge Nebel were not parties to the divorce action. But collateral estoppel may be "asserted defensively against a party who has already had a full

---

[2] "Though not binding on this Court, federal precedent is generally considered highly persuasive when it addresses analogous issues." *Wilcoxon v Minnesota Mining & Mfg Co*, 235 Mich App 347, 360 n 5; 597 NW2d 250 (1999).

[3] On the subject of bald assertions, plaintiff's appellate and reply briefs contain not one citation to legal authority in support of plaintiff's arguments on appeal. "This Court is not required to search for authority to sustain or reject a position raised by a party without citation to authority." *Mettler Walloon, LLC v Melrose Tp*, 281 Mich App 184, 220; 761 NW2d 293 (2008). And an appellant may not merely announce its position and leave it to this Court to discover and rationalize the basis for his claims. See, *id*. As such, we could reject plaintiff's arguments as abandoned on appeal; but given the ease of dispensing with them, we will address why they lack merit.

and fair opportunity to litigate the issue" by parties who were not part of the first action. See *Monat v State Farm Ins Co*, 469 Mich 679, 680-681; 677 NW2d 843 (2004). For the reasons stated above, plaintiff fails to persuade us that the trial court erred in granting summary disposition under subrule (C)(7) to defendants Lechner and Winnick.[4] See *Menard, Inc v City of Escanaba*, 315 Mich App 512, 521 n 3; 891 NW2d 1 (2016) ("On appeal, in order for the appellant to receive relief, [he] has the burden to demonstrate that the lower court erred as governed by the relevant standard of review.").

Next, plaintiff argues that the trial court erred in granting Judge Nebel summary disposition. The government tort liability act, MCL 691.1401 *et seq.*, states:

> (5) A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority. [MCL 691.1407(5).]

"It is well settled that judges are accorded absolute immunity from liability for acts performed in the exercise of their judicial functions." *Diehl v Danuloff*, 242 Mich App 120, 128; 618 NW2d 83 (2000). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v Sparkman*, 435 US 349, 356-357; 98 S Ct 1099; 55 L Ed 2d 331 (1978) (quotation marks and citation omitted).

Judge Nebel was plainly acting within the scope of his judicial authority when he determined and divided the marital assets. See *Reeves v Reeves*, 226 Mich App 490, 493-494; 575 NW2d 1 (1997); MCL 552.19. Plaintiff argues that Judge Nebel was not acting in a judicial capacity when he "participated in the fraud" and suggests that Judge Nebel was required to search through "the entire record" before accepting defendant Lechner's testimony on certain matters. But plaintiff provides no authority in support of that position. See *Mitcham*, 355 Mich at 203. In any event, even if Judge Nebel erred in dividing the marital property, he would not be deprived of immunity. *Stump*, 435 US at 356-357. Plaintiff also alleges that Judge Nebel was biased against him. Assuming that Judge Nebel harbored such prejudice, and was acting "maliciously," he would still be entitled to judicial immunity. *Id*. Accordingly, the trial court did not err in granting Judge Nebel summary disposition under sub rule (C)(7).

Finally, plaintiff argues that the trial court erred by allowing defendant Winnick to jointly represent himself and defendant Lechner in this matter. The trial court did not address plaintiff's motion on this matter and therefore the issue is unpreserved. See *Detroit Leasing Co v Detroit*, 269 Mich App 233, 237; 713 NW2d 269 (2005). Unpreserved issues are reviewed for plain error affecting substantial rights. *Demski v Petlick,* 309 Mich App 404, 426-427; 873 NW2d 596 (2015).

---

[4] Because we see no error in the trial court's ruling on collateral estoppel, we decline to address whether summary disposition was also warranted under the doctrine of res judicata.

Plaintiff has abandoned this issue on appeal by failing to provide any authority suggesting that an attorney cannot represent himself and a client in the same case. *Mitcham*, 355 Mich at 203. Further, the Michigan Constitution of 1963 provides that "[a] suitor in any court of this state has the right to prosecute or defend his suit, either in his own proper person or by an attorney." Const 1963, art 1, § 13. "The Michigan Rules of Professional Conduct (MRPC) generally prohibit an attorney from representing multiple clients when the representation of one client is directly adverse to, or may materially limit, the attorney's representation of another client." *Killingbeck v Killingbeck*, 269 Mich App 132, 148; 711 NW2d 759 (2005), citing MRPC 1.7. "A party seeking the disqualification of counsel bears the burden of demonstrating specifically how and as to what issues in the case the likelihood of prejudice will result." *Id*. (quotation marks and citation omitted). Plaintiff fails to persuasively explain the "conflict of interest" purportedly created by defendant Winnick's representation of defendant Lechner in this matter. Indeed, it appears that their interests are adequately aligned and we fail to see how Winnick's self-representation "materially limit[s]" his representation of defendant Lechner. *Id*. Moreover, it is questionable whether plaintiff is a party who could rightfully challenge a conflict between defendant Lechner and her counsel; plaintiff has failed to establish that defendant Lechner could not waive any conflict. Plaintiff fails to show that the trial court plainly erred by allowing the joint representation to continue. *Demski,* 309 Mich App at 426-427.

Affirmed.


/s/ Kirsten Frank Kelly
/s/ Jane M. Beckering
/s/ Michael J. Riordan

-5-