*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMAL ABDULLAH,

        Plaintiff-Appellant,

v

MACY CLEANERS INC.,

        Defendant-Appellee.

UNPUBLISHED
December 16, 2025
9:31 AM

No. 371700
Wayne Circuit Court
LC No. 20-007951-NO

Before: SWARTZLE, P.J., and O'BRIEN and BAZZI, JJ.

PER CURIAM.

This case presents the dilemma of what should happen when both parties fail to catch an error in a verdict form related to future damages. While the law requires such awards to specify the periods over which they will accrue, that did not happen in this case. Because plaintiff never objected to the use of the improper verdict form at trial and did not object to the trial court's use of actuarial tables when entering judgment, we hold that she is precluded from obtaining any relief on appeal and affirm.

## I. BACKGROUND

Plaintiff, Amal Abdullah, initially brought suit against defendant, Macy Cleaners Inc., seeking damages for a slip and fall she suffered while at defendant's premises in Dearborn, Michigan. A two-day trial was held, after which the jury found in favor of plaintiff and, in pertinent part, awarded her $50,000 in future damages. The verdict form for future damages,[1] provided as follows:

---

[1] Although defendant objected to the question related to future noneconomic damages, the objection was based solely on the position that there was insufficient evidence to show that plaintiff will suffer any such damages. In other words, defendant never argued that the verdict form was deficient because it did not specify to which years any award of future damages applied. The trial court denied defendant's request to strike the question from the verdict form, ruling that because

FUTURE DAMAGES

**QUESTION NO. 9**: What is the total amount of the plaintiff's damages for noneconomic loss in the future?

Answer:  $50,000

Plaintiff thereafter moved for entry of judgment. Plaintiff sought a judgment in the amount of $150,197.82, which included $50,000 for the future damages. With respect to the future damages, defendant argued as follows:

> Defendant admits that the jury verdict awarded future non-economic damages for $50,000.00. However, that award of future damages must be reduced by the court to present cash value using the statutory rate of 5% per year, compounded annually as required by M. Civ. JI 53.03A and MCLA 600.6306(2). Plaintiff's life expectancy according to the Social Security Administration Actuarial Life Table is 35.85 years. (Exhibit C). When the future non-economic damages of $50,000.00 are reduced to present cash value, the future damages award is $8,696.28. (Exhibit D).

At the motion hearing, plaintiff's attorney never argued that it was improper to consider the actuarial tables defendant provided and instead argued that because the future damages were awarded in a single line item with no indication for which years the damages were meant to accrue, it was impossible to reduce the future damages award to present cash value. The trial court rendered its decision in a subsequent hearing, agreeing with defendant and reducing the $50,000 in future damages to $8,696.28 in present cash value.

The trial court subsequently entered a final judgment consistent with its rulings, and plaintiff appealed as of right.

## II. DISCUSSION

Plaintiff argues that the trial court erred by reducing her award of $50,000 in future noneconomic damages. We disagree.

The reduction of an award of future damages to present cash value implicates the proper interpretation and application of statutes, which are questions of law this Court reviews de novo. See *Labor Council v Detroit*, 207 Mich App 606, 607; 525 NW2d 509 (1994). But unpreserved issues in civil cases are waived. *Tolas Gas & Oil Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289-294; 14 NW3d 472 (2023).

---

plaintiff had testified to ongoing pain and because two medical experts opined that plaintiff's condition was "chronic," there was sufficient evidence to present the question of future noneconomic damages to the jury.

MCL 600.6305 states, in pertinent part, the following:

(1) Any verdict or judgment rendered by a trier of fact in a personal injury action subject to this chapter shall include specific findings of the following:

(a) Any past economic and noneconomic damages.

(b) Any future damages *and the periods over which they will accrue, on an annual basis*, for each of the following types of future damages:

* * *

(*iii*) Noneconomic loss. [Emphasis added.]

In this instance, there is no question that the verdict form used did not comply with the statutory mandate. Although the statute requires verdicts to include specific findings for future damages and the periods over which they will accrue, the verdict form did not allow the jury to make those necessary findings. Instead, the form allowed the jury to supply an amount of future damages without detailing which years in the future they covered. This failure to identify which years the future damages apply is problematic because MCL 600.6306(1)(e) further requires all future noneconomic damages to be "reduced to gross present cash value," and it is necessary to know which years apply in order to perform those calculations.[2]

Plaintiff first urges this Court to rule that because defendant agreed to the verdict form, it waived any issues regarding the form and therefore was precluded from challenging the general award of $50,000 in future noneconomic damages. In support, plaintiff relies on *Nowak v Gantz*, unpublished per curiam opinion of the Court of Appeals, issued April 18, 2006 (Docket No. 258688).[3] Similar to the present case, in *Nowak*, the verdict form only allowed the jury to award a lump sum of future damages without specifying the years in which those damages would accrue. *Id*. at 3. On appeal, the defendants challenged the lump-sum award, but this Court ruled that because the defendants had "agreed to a verdict form that did not comply with MCL 600.6305 and MCL 600.6306," they "waived application of the statutory provision requiring that future damages be reduced to present value." *Id*.

The problem with plaintiff's position in this case is that she has failed to identify where in the lower court record defendant *agreed* to the use of the verdict form.[4] Defendant merely *failed*

---

[2] MCL 600.6306(2) provides that " 'gross present cash value' means the total amount of future damages reduced to present value at a rate of 5% per year, compounded annually, for each year in which those damages will accrue, as found by the trier of fact under [MCL 600.6305(1)(b)]."

[3] Unpublished opinions are not binding, but they may be considered for their persuasive value. *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).

[4] While plaintiff argues in her brief on appeal that defendant "agreed" to the use of the verdict form, in her recitation of the facts of the case, she simply avers that defendant "did not object to the form of the jury verdict."

*to object* to the verdict form on the basis of it not specifying which years any future damages applied. This does not constitute a traditional waiver. See *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000) (noting the difference between affirmatively approving a course of action and failing to object to a course of action). Therefore, we do not find *Novak* to be particularly persuasive for plaintiff's argument.

Plaintiff next argues that the trial court erred by adopting defendant's position that using actuarial life tables from the Social Security Administration to calculate the duration of plaintiff's future noneconomic damages was proper in this instance. Plaintiff contends that because the tables were not admitted into evidence at trial, they could not and should not be considered by the court. But because plaintiff has not preserved this issue by raising it in the trial court, we decline to address it. See *Tolas Gas & Oil*, 347 Mich App at 289-294.

We further note that the trial court was placed between the proverbial rock and a hard place. On the one side, the court was confronted with the statutory mandate that all future damages must be reduced to present cash value. MCL 600.6306(1)(e). But because the jury did not specify in which years plaintiff's future damages would accrue, this was impossible to calculate. If the court declined to reduce the award on the basis that it was impossible to calculate, plaintiff certainly would be getting a windfall because the future damages reduced to present value necessarily would be less than the $50,000 award. On the other side, the court was presented with federally endorsed actuary tables that would allow the court to make the necessary damages calculation, presuming the $50,000 was meant to cover the entirety of the remainder of plaintiff's life. This option would result in less money owed to plaintiff if the jury had limited the damages amount to a certain amount of years, rather than extending to the rest of plaintiff's projected natural life.[5]

Notably, under either option, a party likely will be prejudiced. In the former option, defendant *certainly* would be prejudiced and MCL 600.6306(1)(e)'s mandate to reduce future damages *would not* be fulfilled. In the latter option, plaintiff *may* be prejudiced and the statutory obligation to reduce future damages to present value *would* be fulfilled. The trial court chose the latter option. This was reasonable because (1) it gives effect to the mandate of MCL 600.6306(1)(e) to reduce all future damages to present cash value, (2) it is the option which has the best chance of most closely representing the jury's determination, which therefore has the best chance of not *unfairly* prejudicing any party. In short, plaintiff has failed to show how she is entitled to relief when her requested relief would be plainly contrary to MCL 600.6306(1)(e). See *Menard, Inc v City of Escanaba*, 315 Mich App 512, 521 n 3; 891 NW2d 1 (2016) (stating that the appellant on appeal "has the burden to demonstrate that the lower court erred as governed by the relevant standard of review").

Importantly, neither party in this case objected to the use of the faulty verdict form. Although the *Nowak* Court ruled that because the defendants waived any challenge to how the damages were awarded by agreeing to the use of the verdict form, there is no principled reason to

---

[5] For instance, if the jury awarded $50,000 to cover plaintiff's noneconomic damages for the next 10 years of her life, it would result in a bigger present value than spreading the $50,000 over the next 35.85 years of her life, which is what the actuarial life table shows as plaintiff's remaining life expectancy.

think that a plaintiff is always entitled to a windfall when both parties fail to correct an erroneous verdict form. This type of rule would clearly incentivize plaintiffs to game the system by preparing improper verdict forms and placing the burden solely on defendants to notice and correct such erroneous forms. We suggest that a better rule is that the parties are essentially "stuck" with the solution the trial court crafts in these situations. Thus, as in *Nowak*, because the challenging party on appeal in this case (plaintiff) did not object to the use of a faulty verdict form, she cannot obtain relief in how the trial court handled the matter, which was caused, in part, by her acquiescence to using an improper verdict form.

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219(A).


/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Mariam S. Bazzi